GLEASON ET AL. *v.* SQUIRES ET AL.

(Decided April 1, 1931.)

*Mr. P. H. Wieland,* for plaintiffs.
*Mr. Lot C. Stillwell* and *Mr. Charles D. Hayden,*
for defendants.

LEMERT, J.   This case comes into the Court of
Appeals on an appeal from the finding of the court
of common pleas of Morrow county, Ohio.   It is an
action brought by the plaintiffs, H. M. Gleason and
Gay Gleason, to restrain the defendants, Mary
Squires and Dow Squires, from erecting a gate at
the highway, being the entrance to a lane running
back to the premises of the plaintiffs, along and over
the easterly side of premises owned by the defend-
ants.

The appellants allege that they have used this lane
as a means of ingress to and egress from their prem-
ises for more than ninety years.   The appellants are

the owners as tenants in common of eleven acres of land lying back some little distance from the road, in Chester township, Morrow county, Ohio. The appellants and their predecessors in title have had an easement to and from said land since the year 1840. The evidence in the record shows that the defendants asked, or demanded, that the plaintiffs purchase and erect a gate at the road entrance to the lane, or that the defendants would purchase one and put it there themselves.

The record discloses that there was an agreement between plaintiff H. M. Gleason and defendant Dow Squires to purchase a gate and to put the same across the lane, at the entrance of the lane, and the record further discloses that, upon the plaintiff Gleason acquainting his wife, Gay Gleason, with the said agreement with reference to the purchase and installing of the gate, the plaintiff Gay Gleason refused to acquiesce in the agreement made, claiming that it would be difficult for their small children to open and shut gates in going to school, and because they would be compelled to go through a then inclosed field in which the defendants proposed to pasture cattle. These are the facts briefly stated.

The sole question in this case is a question of law. The court below found: "Under the facts and circumstances of this case the court is of the opinion that after one of the two joint owners of the property entered into an agreement of this character, and the defendants have acted upon and complied with the terms of the agreement, it would be inequitable to now enjoin the defendants; notwithstanding the plaintiffs are entitled to the use of this lane as a means of ingress and egress to and from their prem-

ises, the defendants are also entitled to the use of their land, and as no partition fence is maintained along the westerly side of this lane the only way in which the defendants can secure the use of their land is by the erection of this gate.''

It will be noted by the above holding and finding that the court below, in substance, held that, where one of two joint owners or tenants in common enters into an agreement as to their joint land or lands, he by so doing binds the other cotenant. As a proposition of law, we do not believe that to be a correct statement. We believe it to be an elementary proposition of law that, when lands are conveyed to husband and wife jointly, they take as tenants in common, *Farmers' & Merchants' National Bank* v. *Wallace,* 45 Ohio St., 152, 12 N. E., 439, and that as such tenants in common the husband and wife have certain obligations, liabilities and duties each to the other, *Clark* v. *Lindsey,* 47 Ohio St., 437, 442, 25 N. E., 422, 9 L. R. A., 740, and that, as tenants in common, they are placed in a confidential relation to each other by operation of law and are bound to put forth their best efforts to protect the common property, regardless of whether the property is acquired by descent or purchase. The obligation of the tenants in common would be the same, and one joint tenant cannot bind the other, or others, except for necessary repairs, or taxes, etc.

We do not believe that one cotenant can bind the other in an agreement which would make ingress and egress to and from their property more difficult; which by so doing might thereby lessen the value of their property. And it might be noted in the instant case that if the defendants were permitted to

erect and maintain the gate in question, after the lapse of the statutory period they might thereby gain title to the strip of land over which the plaintiffs now have their easement, and thereby by the lapse of time acquire title to said easement to the prejudice of the plaintiffs herein.

It therefore follows that there will be a finding for the plaintiffs, and injunction will be made perpetual as prayed for in the petition, with costs against defendants.

*Injunction allowed.*

SHERICK, P. J., and MONTGOMERY, J., concur.