**CROSSMAN v FOSTER et**

Ohio Appeals, 1st Dist, Clermont Co

Decided Nov 1, 1932

W. C. Bishop, Batavia, for plaintiff.
Davis, Ely & Ely, Batavia, for defendants.

HAMILTON, J.

The evidence discloses that the father of the defendant T. E. Foster had used the lot during his lifetime. In 1904 Foster took possession of the lot, took control of it, made lasting and valuable improvements thereon, paid the taxes, and occupied the property openly, notoriously, and adversely to the owner. Thus began the running of the statute of limitations, which has run continuously, and is not, as claimed by counsel for the plaintiff, interrupted by the fact that Mary Ingle was absent from the state between the years 1908 and 1918.

Foster had possession of the land uninterruptedly to the date of the filing of this action.

It is suggested in the brief of counsel for plaintiff that Foster one time, on inquiry of the husband of plaintiff concerning purchase of the property, stated that he (Foster) could not sell it, as it did not belong to him. It is urged that this is a declaration which would stop the running of the statute, as this would negative the idea of open, adverse possession. The husband of the plaintiff made some statement to that effect. It was denied by Foster. Had he made such statement to the husband of plaintiff it would not have been sufficient to stop the running of the statute, in view of the open and notorious possession and use of the property. Moreover, the statement, if made, was subsequent to the expiration of twenty-one years from the commencing of the running of the statute.

A decree may be taken finding the title in the defendant, and dismissing the plaintiff's petition.

Decree for defendant.

ROSS, PJ, and CUSHING, J, concur.