[No. 57-40663-2.   Division Two.   January 29, 1970.]

GEORGE I. WALTERS *et al., Respondents,* v. PATRICIA D. WALTERS, *Appellant.*

*Charles B. Welsh,* for appellant.

*Eisenhower, Carlson, Newlands, Reha & Sinnitt* and *Ronald A. Roberts,* for respondents.

ARMSTRONG, C. J.—In this action for partition the defendant Patricia D. Walters (former wife of plaintiff George I. Walters) appeals from a judgment determining distribution of proceeds from the sale of real property awarded by decree of divorce to the husband and wife as tenants in common. Plaintiff was allowed contribution from defendant

for payment of monthly mortgage installments on the property during the period of time from the date of the divorce decree to the plaintiff's action for partition. Plaintiff George I. Walters will be referred to herein as the sole plaintiff.

Defendant's appeal challenges the trial court's determination that plaintiff is entitled to contribution and presents the sole issue:

What is the right of contribution of a tenant in common from his cotenant where mortgage payments were made on real property under the terms of a primary obligation imposed upon him by a decree of divorce?

On December 9, 1963, defendant Patricia D. Walters obtained a decree of divorce from plaintiff George I. Walters in the Superior Court for Pacific County. The decree awarded real property in Olympia to the parties subject to a life estate in the plaintiff's mother.

Initially the property had been deeded to the parties to this action by the husband's mother during their marriage subject to a life estate in plaintiff's mother. The parties assumed a mortgage which had originally been placed upon the property by the husband's brother.

We quote relevant portions of the divorce decree:

4. That *the stipulations of the parties regarding disposition of the community property, as set forth in the Findings of Fact* and Conclusions of Law herein, *are hereby approved and confirmed.*

5. That an undivided one-half (½) of the community interest in the following described real estate owned by the parties shall be awarded to the plaintiff as her sole and separate property and that a similar one-half (½) interest of the defendant in said community property shall be awarded to him as his sole and separate property: . . .

(Italics ours.)

The relevant portions of the findings of fact are:

## X

That the parties have stipulated that an undivided one-half (½) interest in the real property owned by the community be awarded to the plaintiff as her separate

property, and that a like interest be awarded to the defendant *as his separate property, and that the payments on the mortgage now outstanding on said property shall be the sole obligation of the defendant, George I. Walters.*

## XI

That from and after July 19, 1963, any and all property acquired by either of the parties, shall be his or her separate property and each party shall be responsible for any and all indebtedness incurred by her or him.

(Italics ours.)

Plaintiff's mother lived in the home in question during the marriage and after the divorce until she entered a rest home. Plaintiff made all mortgage payments, maintained and repaired the house and paid the property taxes. After his mother entered a rest home, he sold the property and later reclaimed it when title could not be perfected. He rented the home for 3 months prior to the trial. He made no request of his former wife for reimbursement for payments or expenses, nor did he make an accounting with reference to the attempted sale or for rents he received.

Plaintiff contends, and the trial court held, that the decree is silent as to the prospective rights of the parties upon sale of the property. We do not agree. The decree approved and confirmed the agreement of the parties as to disposition of the community property as set forth in the findings of fact. The findings of fact state that *"the payments on the mortgage now outstanding on said property shall be the sole obligation of the defendant, George I. Walters."* (Italics ours.)

The trial court applied the general rule that a cotenant who pays for an encumbrance upon the property is subrogated to the rights of the encumbrancer and is entitled to reimbursement for the amount paid upon sale of the property. *Cook v. Vennigerholz,* 44 Wn.2d 612, 269 P.2d 824 (1954). This rule is based upon the premise that a tenant in common is entitled to contribution from his cotenant for outlays upon the common burden or liability of both of

them to pay the taxes, encumbrances and other charges for the benefit of the common property.

Although the Supreme Court of our state has not yet considered this precise issue, there is a well-recognized exception to this rule which applies to the facts of this case. A tenant in common who is primarily liable for the payments he makes is not entitled to contribution for such payments. In such an instance he would not be paying a common burden but would be meeting his own primary obligation. *Parten v. First Nat'l Bank & Trust Co.*, 204 Minn. 200, 283 N.W. 408, 120 A.L.R. 862 (1938).[1]

Plaintiff argues that defendant had also assumed the mortgage and insofar as the mortgage company was concerned she was equally responsible for its payment. Our answer to this contention is that the tenancy in common was created by the divorce decree and, as between the parties, the payments on the mortgage were specifically held to be the sole obligation of defendant in the findings of fact approved and confirmed in the decree. If the mortgage company had collected the mortgage from defendant, she would have had a legal remedy to seek reimbursement from plaintiff. We find that plaintiff was meeting his own obligation in making the mortgage payments and he was therefore primarily liable for such payment.

The mortgage required payments on taxes and interest and such payments were included within the monthly mortgage payments. The payments on taxes and interest would be included within his primary obligation to make all mortgage payments and would not be subject to contribution.

The plaintiff, former husband, expended money and time in maintaining the property. The trial court determined that repair and maintenance of the house were the obligations of the life tenant, plaintiff's mother, and that plaintiff was not entitled to contributions he expended on his mother's behalf. This finding is not challenged on appeal.

---

[1]*See* Annot. 48 A.L.R.2d 1315, § 3, ¶ [d] (1956) and cases cited therein.

The proceeds from the sale of the property, the subject of the tenancy in common, should have been divided equally between the plaintiff and defendant with no contribution or credit allowed to plaintiff for any part of the mortgage payments made by him.

Reversed.

PEARSON and PETRIE, JJ., concur.