**Willie L. NEAL et al., Appellants,**

v.

**Arthur NEAL, Appellee.**

**No. 15781.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 24, 1971.

Rehearing Denied Sept. 9, 1971.

M. W. Plummer, Houston, for appellants.

W. E. Barron, Navasota, Lawrence, Thornton & Payne, Billy Payne, Bryan, for appellee.

PEDEN, Justice.

Suit by the surviving heirs of R. C. Neal against his brother, Arthur Neal, for partition of the real properties the brothers inherited from their parents and for an ac-

counting as to the income produced and funds spent on the estate. After a jury trial on issues concerning the defendant's management of the estate the plaintiffs have appealed from that part of the judgment entered.

The defendant filed no accounting. It is uncontroverted that he has been in charge of the properties of the estate as a cotenant for about 32 years.

In response to Special Issue No. 2 the jury found that the defendant had spent $42,620.20 for maintenance and upkeep of the estate. The appellants' fourteenth point of error is that the jury finding in response to that issue was excessive and was against the great weight and preponderance of the evidence. We sustain this point.

The principal source of the evidence as to the appellee's having spent his funds for the benefit of the estate appears to have come from an exhibit called the "commissioners' report." On April 18, 1969, prior to trial on the merits, an agreed interlocutory order had been entered. In it the trial court appointed three special commissioners to determine whether the property of the estate was subject to fair and equitable partition in kind, instructing them to give consideration to the fair market values of the properties and their potential future values and rental income. The order charged the commissioners with the duty of filing a unanimous report of their findings on the basis stated and with reporting the manner in which the properties should be divided if they were found to be capable of division.

The report shows that a copy of the commissioners' report was filed before the trial on which this appeal is based was begun. The report listed as assets of the estate five rent houses, two lots, two service stations plus one store and home in Navasota and one lot in Houston. The value of each was stated. The commissioners' report also contained a statement of the total income for 32 years from each of the rent houses and from each of the service stations for a total sum of $58,447.60. The following list of expenses for upkeep and repairs for the 32-year period was stated:

"State, County, City and School Taxes ----------------------$35,030.40
Insurance on Buildings ---------------------------------$14,688.00
Rebuilding Service Station (Texaco) -----------------------$ 3,710.00
Rebuilding house with water and lights ---------------------$ 1,750.00
Installing bathroom Fixtures (4) houses --------------------$   850.00
Install sewage, hot and cold water (4) houses ----------------$   975.00
Installing lights in (4) houses --------------------------$   500.00
New roofs on all houses ------------------------------$ 2,680.00
Paving paid City of Navasota ---------------------------$   500.00
Taxes on Houston Property -----------------------------$   640.00
Miscellaneous upkeep @ 100.00 per year for 32 years --------$ 3,200.00
TOTAL --------------------------------------------$64,523.40"

When this case came to trial on the merits the trial judge stated that the plaintiff's objections to the report of the commissioners (the objections are not found in the transcript) would be part of the subject matter of this trial.

During the trial the defendant (appellee here) offered in evidence the part of the commissioners' report that showed the money he had spent on the estate labeled "expense." Over the plaintiffs' objections it was admitted in evidence, but the trial judge instructed the jury that it was "not to be considered as any evidence whatever, other than the report of the commissioners." Near the end of the trial the trial

judge stated that the report had been "introduced in evidence and it speaks for itself."

■ The effect of this ruling is not entirely clear, but we consider that the earlier limiting instruction was still in effect. The testimony is uncontradicted that the expense items were furnished to the commissioners by the defendant. They were not a necessary part of the commissioners' report, and some of the appellants' objections to them were valid: i. e., that they were hearsay, they were not itemized or supported by any records and were not shown to be the best evidence and no showing was made of the unavailability of the best evidence.

■ We do not agree with the defendant's position that the expense items were admissible because the plaintiffs had previously introduced in evidence the income figures from the same report. The statement of facts shows that the plaintiffs had earlier offered in evidence the defendant's answers to interrogatories asking the income from each of the properties of the estate; the defendant's reply as to each was that the income shown on the commissioners' report was as nearly correct as he could give. The appellants' counsel then stated that he wanted to stipulate what the commissioners' report showed as to the income from each of the properties and defendant's counsel said he would agree to this but would reserve the right to introduce in evidence the entire report. Even if this stipulation amounted to introduction in evidence by the plaintiffs of the income items of the commissioners' report, the defendant would not thereby become entitled to introduce the expense items from the same report. If one party in a civil case introduces in evidence part of a statement, writing, conversation, declaration, transaction or part of the testimony of a witness at a former trial, the other party may then introduce as much of the remainder of such evidence as is necessary or proper to explain the part previously admitted. 23 Tex.Jur.2d 206–207, Evidence, § 141; Texas Casualty Insurance Co. v. Crawford, 340 S.W.2d 110 (Tex.Civ.App.1960, no writ). The expense items in our case do not explain the part previously admitted.

■ And even if the expense items be considered as having been admitted in evidence, the appellee testified that those showing payments of taxes and insurance (amounting to more than $49,000.) included payments made on both the estate properties and his own and he was unable to say how much of this sum he paid on either of them. Some of the proof as to money spent on the estate by the defendant was introduced in evidence by the plaintiffs, but it amounts to only about $3,400. In response to the plaintiffs' questions, the defendant testified to approximately $8300. in additional expense paid by him for the estate.

We believe that the evidence on this issue was not fully developed and that the appellee's failure to do so may have been due, in part, to misunderstanding as to the effect of the trial court's last ruling on admission of the expense items. In the interest of justice we order that the accounting part of the judgment be reversed and remanded. Another trial may be necessary, so we will briefly notice one of the appellants' other points which involved a significant sum in the trial court's judgment.

■■ We hold that the trial court did not err in submitting Special Issue No. 5, which asked how much the defendant was entitled to recover for his management and upkeep of the estate for 32 years. Appellants argue that there was no showing of an agreement to support such recovery and we find none in the record. We also agree with the appellants that a cotenant's claim for management services cannot be consid-

ered as an equitable claim growing out of the cotenancy. Wooley v. West, 391 S.W. 2d 157 (Tex.Civ.App.1965, writ ref. n. r. e.); 86 C.J.S. Tenancy in Common § 68g, p. 457; 51 A.L.R.2d 474; 20 Am.Jur.2d 129, Cotenancy and Joint Ownership § 39. However, in the petition on which the plaintiffs went to trial in this cause they asked that the defendant be allowed a reasonable fee for management of the estate. Such pleading was not withdrawn or amended, so we hold that it constituted a judicial admission that the defendant was entitled to a fee, and it was unnecessary for him to offer proof of an agreement that it be paid. " * * * where the defendant's answer concedes that the plaintiff is entitled to the relief sought, the plaintiff is entitled to recover, without proof." 45 Tex.Jur.2d 528, Pleading § 87.

■ Further, we find in the record no objection to the submission of the issue made before the charge was read to the jury, so the objection was waived. Rule 272, Texas Rules of Civil Procedure.

We do not reach the appellants' other points. We doubt if they will arise in the event the case is tried again.

The trial judge made a finding as to the shares in which the properties in question are to be divided, and there is no dispute as to this or as to his order setting aside the report of the commissioners and appointing new commissioners to partition the properties of the estate.

The judgment of the trial court is affirmed as to the setting aside of the commissioners' report, the fixing of the parties' shares in the estate properties and the appointment of new commissioners to partition them; it is reversed and remanded as to whatever recovery the respective parties are to make from each other by reason of the defendant's handling of the estate.