WHIRRETT, Appellee,

v.

MOTT, Appellant.

[Cite as *Whirrett v. Mott* (1991), 77 Ohio App.3d 177.]

Court of Appeals of Ohio,
Paulding County.

No. 11–90–24.

Decided Sept. 13, 1991.

*James P. Spriggs*, for appellee.

*E. Charles Bates*, for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from a money judgment entered in the amount of $921.73 by the Paulding County Court in favor of plaintiff-appellee, Deloris M. Whirrett, and against defendant-appellant, Helen Mott.

Appellant and appellee are sisters who, with another sister, were joint owners of a parcel of Paulding County real estate from 1981 until the property was sold in March 1990. That property was the home of the parties' parents until their father's death in October 1988. After the father's death, appellee mowed grass and raked leaves at the property. She also claims that she made weekly security checks of the property. In addition, appellee paid certain real estate taxes and electric bills on the property.

Shortly after the sale of the property, appellee brought an action in small claims court against appellant to recover one-third the value of her services rendered in connection with mowing grass, raking leaves and making security checks, and one-third of the amount expended by her for real estate taxes and electric bills. After trial, the trial judge entered judgment in favor of appellee for $921.73. A portion of this amount was to compensate appellee for her services in maintaining the property. It is impossible to ascertain from the separate findings of fact and conclusions of law exactly what the remainder of the award is for, but we assume it is reimbursement for taxes and electric bills.

On appeal, the appellant asserts the following assignment of error:

"The trial court erred as a matter of law and of fact in awarding plaintiff-appellee an amount of $921.73 with interest and costs on her claim."

The trial court fails to state in its separate findings of fact and conclusions of law the basis for its judgment, but it appears to be based on some theory of quasi contract. It is undisputed that the parties did not have an express contract concerning the maintenance of the property. Furthermore, the trial court did not find a contract implied in fact. Since appellee has neither claimed a statutory right to recovery nor a claim for tort, the only remaining

theory upon which the trial court might have based its award to appellee for her services in maintaining the property must have been for quantum meruit based in quasi contract.

■ Quasi contract is a legal fiction whereby a court will imply a contract regardless of the parties' intentions in order to prevent unjust enrichment. In this case, there is no evidence that the appellant was unjustly enriched by the appellee's actions in maintaining the property. There is also no evidence in the record to establish that the property value was increased as a result of the appellee's efforts.

The general rule is that "a tenant in common is not entitled to compensation for services rendered in the care and management of the common property, in the absence of an agreement for compensation." 86 Corpus Juris Secundum (1954) 457, Tenancy in Common, Section 68g. See, also, *In re Purton's Estate & Guardianship* (1968), 7 Ariz.App. 526, 441 P.2d 561, 570; *Steeve v. Yaeger* (1956), 145 Cal.App.2d 455, 302 P.2d 704, 711; *Beavers v. Stephens* (La.App. 1977), 341 So.2d 1278, 1281; *Lewis v. Latham* (1955), 224 Miss. 107, 79 So.2d 811, 814; *Curl v. Neilson* (1946), 178 Or. 343, 167 P.2d 320, 322; *Neal v. Neal* (Tex.Civ.App.1971), 470 S.W.2d 383, 387.

■ Applying this rule to the instant case, appellee is not entitled to compensation for her services rendered in the maintenance of the jointly owned property. There was no agreement between the parties concerning compensation. In fact, after their father's death, there was no communication between the parties concerning anything. Appellant testified at trial that the first she knew of appellee's intention to charge for these services was when she was served a summons in this action.

It has previously been held in Ohio that "one who officiously confers a benefit upon another is not entitled to restitution therefor." *Wendover Rd. Property Owners Assn. v. Kornicks* (1985), 28 Ohio App.3d 101, 104, 28 OBR 198, 201, 502 N.E.2d 226, 229. The *Wendover* case quoted Restatement of the Law, Restitution (1937) 15–16, Section 2. Comment *a* of that section of the Restatement provides that:

"A person is not required to deal with another unless he so desires and, ordinarily, a person should not be required to become an obligor unless he so desires. * * * The rule denying restitution to officious persons has the effect of penalizing those who thrust benefits upon others and protecting persons who have had benefits thrust upon them." *Id.* at 16.

Here, appellee did not at any time communicate with appellant concerning the maintenance of the property or that she intended to charge appellant for her services. Furthermore, appellant attempted to charge appellee a rate

equivalent to that of a professional lawn care service. This failure to communicate prevented appellee from maintaining the property herself or having it done by someone else at a lower rate.

For the reasons stated above, we reverse that portion of the decision of the Paulding County Court ordering appellee to compensate appellant for her services rendered in maintaining the property.

■ We next address that portion of the trial court's decision relating to real estate taxes and electric bills paid by appellee. The law in Ohio clearly requires a cotenant to reimburse another cotenant for real estate taxes paid. R.C. 323.48 provides:

"A part owner who pays the tax on the whole tract of which he is part owner shall have a lien on the shares or parts of the other part owner for the tax paid on their shares or parts. Such owner may receive such amount, paid with interest thereon, on the sale or partition of such lands, and he may enforce the collection of such amount with interest, as any other lien or charge."

Pursuant to this statute, appellee is entitled to collect from appellant that portion of real estate taxes paid by appellee but not repaid to her for appellant's portion of the real estate taxes. Appellee is also entitled to appropriate interest on that amount. See, also, *Clark v. Lindsey* (1890), 47 Ohio St. 437, 446–447, 25 N.E. 422, 425 and, *Gleason v. Squires* (1931), 39 Ohio App. 88, 90, 176 N.E. 593, 594.

■ As to the utility bills paid by appellee, she is entitled to have reimbursement in an amount equal to one-third of the total paid.

"The payment of various debts or obligations for the benefit of the joint property, such as for interest, insurance, fuel, or the discharge of liens on the property, may entitle the tenant in common making the expenditure to contribution from his cotenants for their proportionate share." 86 Corpus Juris Secundum (1954) 455, Tenancy in Common, Section 68f.

Utilities were a necessary expense for this property and appellee is entitled to receive payment from appellant for her share of this expense. Cf. *Vesce v. Lee* (1981), 185 Conn. 328, 441 A.2d 556; *Lasseter v. Blalock*, (Fla.App.1962), 139 So.2d 726; *Jones v. Jones* (1958), 236 La. 52, 106 So.2d 713; *Laura v. Christian* (1975), 88 N.M. 127, 537 P.2d 1389; *Jenkins v. Jenkins* (1971), 211 Va. 797, 180 S.E.2d 516; *Walters v. Walters* (1970), 1 Wash.App. 849, 466 P.2d 174.

Accordingly, the judgment of the County Court of Paulding County is affirmed in part, reversed in part and remanded to that court for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

HADLEY and EVANS, JJ., concur.