OPINION
On August 27, 1996, appellee, HOF Fitness Center, Inc., filed a complaint against appellants, Angeline M. Monastra, Michael Monastra, Teresa Zeigler, Nathan S. Monastra and Nathan S. Monastra, Trustee of the Nathan T. Monastra Revocable Trust, for reimbursement of property taxes paid on certain real estate of which appellee and appellants were co-tenants.
A bench trial was held on February 26, 1997. By judgment entry filed March 7, 1997, the trial court found in favor of appellee in the amount of $4,169.86 with interest and costs.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED BY HOLDING THAT THE REMEDY PROVIDED IN OHIO REVISED CODE § 323.48 TO A CO-TENANT WHO PAYS THE PROPERTY TAXES ON A PARCEL OF REAL PROPERTY OWNED IN COMMON WITH ANOTHER CO-TENANT IS NOT EXCLUSIVE.
II
 THE TRIAL COURT ERRED BY RENDERING A JUDGMENT IN FAVOR OF THE APPELLEE ON ITS CLAIM FOR UNJUST ENRICHMENT.
 I, II
Appellants argue the trial court erred in finding the remedy of R.C. 323.48 is not exclusive and in rendering a judgment in favor of appellee. We disagree.
Appellants claim R.C. 323.48 is exclusive and bars any other theory of recovery including a claim under quasi-contract. R.C.323.48 states as follows:
 A part owner who pays the tax on the whole tract of which he is part owner shall have a lien on the shares or parts of the other part owner for the tax paid on their shares or parts. Such owner may receive such amount, paid with interest thereon, on the sale or partition of such lands, and he may enforce the collection of such amount with interest, as any other lien or charge.
Appellants argue the statute sets forth a specific remedy and said remedy is the exclusive remedy available. In support, appellants cite the case of Fletcher v. Coney Island, Inc.,
(1956), 165 Ohio St. 150, 154, wherein the court noted as follows:
 In the first paragraph of the syllabus in the case of Commissioners v. Bank of Findley, 32 Ohio St. 194, this court held:
 `Where a statute creates a new offense by prohibiting and making unlawful anything which was lawful before, and provides a specific remedy against such new offense (not antecedently unlawful) by a particular sanction and method of proceeding, that method of proceeding, and none other, must be preserved [pursued].'
 The proposition is stated a little differently in the second paragraph of the syllabus in the case of City of Zanesville v. Fannan, 53 Ohio St. 605, 42 N.E. 703, 53 Am.St. Rep., 665, as follows:
 `Where a statute which creates a new right, prescribes the remedy for its violation, the remedy is exclusive; but when a new remedy is given by statute for a right of action existing independent of it, without excluding other remedies already known to the law, the statutory remedy is cumulative merely, and the party may pursue either at his option.'
The issue sub judice has been reviewed by the Third District Court of Appeals in Whirrett v. Mott (1991), 77 Ohio App.3d 177. The Third District at 180 found separate and apart from the remedy available in R.C. 323.48, a co-tenant may collect in court for reimbursement of property tax paid:
 Pursuant to this statute [R.C. 323.48], appellee is entitled to collect from appellant that portion of real estate taxes paid by appellee but not repaid to her for appellant's portion of the real estate taxes. Appellee is also entitled to appropriate interest on that amount. See, also, Clark v. Lindsey (1890), 47 Ohio St. 437, 446-447, 25 N.E. 422, 425 and, Gleason v. Squires (1931), 39 Ohio App. 88, 90, 176 N.E. 593, 594.
We concur with this reasoning because in order to perfect "a lien" to "enforce the collection" of taxes paid plus interest, R.C. 328.48 envisions partition or the obtaining of a judgment which can be filed as a lien on the property. The creation of a lien carries with it the right of enforcement through seizure of the property or the filing of a foreclosure action. The very nature of the statute anticipates an action in court to establish this right.
Upon review, we concur with our brethren from the Third District and find appellee had the right to file a complaint in a court of competent jurisdiction to enforce the debt claim subjudice. Pursuant to Gleason and Whirrett, supra, the trial court did not err in awarding appellee a judgment.
Assignments of Error I and II are denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J. concurs.
Hoffman, J. concurs separately.