[Cite as *Reel v. Reel*, 2016-Ohio-8116.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ROGER R. REEL, | : | **O P I N I O N** |
| Plaintiff, | : | |
| KATHRYN M. REEL, | : | **CASE NO. 2016-T-0038** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| CLAUDIA G. REEL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 00092.

Judgment: Affirmed.

*Thomas E. Schubert,* 138 East Market Street, Warren, OH 44481 (For Plaintiff-Appellee).

*William P. McGuire,* 106 East Market Street, Suite 705, P.O. Box 1243, Warren, OH 44482 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Claudia G. Reel, appeals various Judgments of the Trumbull County Court of Common Pleas, ordering the partition of certain real property held in common with plaintiff-appellee, Kathryn M. Reel, and denying her counterclaims seeking to quiet title in her favor by adverse possession and other theories of

acquisition. The issues before this court are whether a trial court properly dismisses claims to real property based on events that did not occur in an unrelated probate action; whether actions to partition property held in common are subject to a statute of limitations; whether a co-tenant may acquire the interests of other co-tenants in real property through adverse possession based on occupancy and improvements to the subject property; whether persons or entities having an interest in mineral rights are necessary parties to an action to partition real property; whether it is an abuse of discretion not to credit a co-tenant for improvements to real property where the co-tenant was the exclusive occupant of the subject property without compensation being paid to the other co-tenants; and whether a factfinder's choice among competing valuations of property subject to partition, without more, is sufficient to establish bias. For the following reasons, we affirm the decision of the court below.

{¶2} On January 11, 2011, Roger R. Reel and Kathryn M. Reel filed a Complaint in Partition against Claudia in the Trumbull County Court of Common Pleas. The Complaint alleged that Roger and Kathryn are tenants in common with Claudia "in property known as 4626 North Park Avenue Ext., Cortland, Ohio." Roger and Kathryn demanded that "the property be partitioned [Count I] and that Defendant be compelled to provide [an] accounting of timber sold, reimburse Plaintiffs for their share of the proceeds of sale, reimbursement for taxes paid and other relief as the court deems appropriate [Count II]."

{¶3} On March 8, 2011, Claudia filed an Answer and Counterclaim. In the counterclaim, Claudia sought to quiet title in the subject property (Count Two) under a variety of theories of acquisition, including Inheritance and Purchase (Count One),

2

Adverse Possession, Constructive Trust, and Equitable Interest (Counts Three and Four). Claudia further sought "offset, equitable interest, [and] equitable apportionment in partition" for money paid to the Estate of Nelson Reel (Count Five (A)), money owed from the Estate of Nelson Reel (Count Five (B)), and improvements made to the subject property (Count Five (C)).

{¶4} On April 18, 2011, Roger and Kathryn filed their Answer to the Counterclaim.

{¶5} On the same date, Roger and Kathryn filed a Motion to Dismiss Counts One, Two and Five (A) and (B) of the Counterclaim.

{¶6} On August 5, 2011, Claudia filed a Memorandum in Opposition to the Motion to Dismiss.

{¶7} On August 11, 2011, Roger and Kathryn filed a Reply to Claudia's Memorandum in Opposition.

{¶8} On August 18, 2011, the trial court issued a Judgment Entry granting the Motion to Dismiss with respect to Counts One and Five (A) and (B) only.

{¶9} On February 10, 2012, a Notice of Death was filed with respect to Roger Reel.

{¶10} On July 31, 2012, Kathryn filed a Motion for Summary Judgment with respect to the Complaint.

{¶11} On August 15, 2012, Claudia filed a Motion for Summary Judgment and Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.

3

{¶12} On August 28, 2012, Kathryn filed a Reply to Defendant's Motion for Summary Judgment, and Claudia filed a Reply to Plaintiff's Motion for Summary Judgment.

{¶13} On August 31, 2012, Claudia filed a Second Response to Plaintiff's Motion for Summary Judgment.

{¶14} On September 12, 2012, the trial court issued a Judgment Entry, granting Kathryn's Motion for Summary Judgment. The court found that Kathryn, as Roger's spouse, acquired his interest in the subject property; she is entitled to have the property divided by partition pursuant to R.C. 5307.01 and 5307.04; and she is entitled to an accounting of rents and profits received by Claudia pursuant to R.C. 5307.21. The court appointed Larry McManus to effect the partition.

{¶15} On September 21, 2012, the trial court issued a Judgment Entry, denying Claudia's Motion for Summary Judgment.

{¶16} On October 11, 2012, Claudia filed a Notice of Appeal, designated Court of Appeals No. 2012-T-0081.

{¶17} On June 19, 2013, this court, sua sponte, dismissed the appeal for lack of a final order on the grounds that "conditions of the partition have yet to be determined." *Reel v. Reel*, 11th Dist. Trumbull No. 2012-T-0081, 2013-Ohio-2624, ¶ 11.

{¶18} On May 13, 2014, the trial court issued a Judgment Entry, referring the matter to a magistrate.

{¶19} On August 13, 2014, a Magistrate's Decision was issued, approving a plan of partition, but also finding that counterclaims remained pending, the resolution of which could affect the partition - specifically, the claims for Quiet Title (Count Two),

4

Adverse Possession, Constructive Trust and Equitable Interest (Counts Three and Four), and compensation for improvements made to the subject property (Count Five (C)). The magistrate stayed the partition action pending the outcome of Claudia's counterclaims.

**{¶20}** On August 26, 2014, Claudia filed Objections to Magistrate's Decision.

**{¶21}** On January 29, 2015, an evidentiary hearing was held before a magistrate.

**{¶22}** On March 19, 2015, a Magistrate's Decision with Findings of Fact and Conclusions of Law was issued. The magistrate found in Kathryn's favor as to each of Claudia's counterclaims. The magistrate made the following relevant findings:

> On November 28, 1966, Neva Reel conveyed an undivided one-half interest in the subject real estate to Nelson Reel. Nelson Reel married the Defendant in 1967. The Defendant has lived at the residence located on the subject real estate since 1967 when she married Nelson Reel. The Defendant obtained an undivided one-half interest in the subject real estate upon the death of her husband when she purchased his interest from his estate. This deed was recorded on August 24, 1989.

> There is no question the Defendant and her husband made significant improvements to the residence during their lifetime together since 1967. * * *

> * * *

5

Since the Defendant moved into the residence in 1967 to date, the Defendant has never paid any rent. Rather, the Defendant made the contributions to the residence in the form of the improvements described previously, as well as the tax contributions.

The Defendant is convinced that when her husband passed, she purchased an undivided one-half interest in the real estate from Fred and Vivian Reel. However, there is no evidence before the Court to support the validity of this transaction. Rather, the evidence and properly recorded documents track the Defendant's undivided one-half interest to her purchase of the same from her husband's estate in August 1989. The remaining undivided one-half interest now vests in Kathryn Reel as the surviving spouse of Roger Reel. Hence, Kathryn Reel is that Plaintiff requesting the partition in this matter.

The Court finds the Defendant is not entitled to any reimbursement for the improvements she made to the real estate or the residence during her tenancy. Initially, the Court finds the Defendant failed to prove the value or cost of any of the improvements. However, the Court finds even if the Defendant had the receipts from each and every repair or improvement made to the residence and real estate, the outcome would not be any different. The Defendant received the value of living in the

6

residence without compensating the co-tenants for this enjoyment since 1967.

As to the Defendant's adverse possession claim, * * * the Defendant is asserting her adverse possession claim against a co-tenant. The Defendant acknowledged that the joint ownership between her husband and his family was well-known. The Defendant and her husband never purported to own the entire real estate to the exclusion of their co-tenants. In fact, they even divided the taxes on the real estate.

* * *

The Defendant maintains she took exclusive responsibility for the payment of the taxes in 1989. The Plaintiff disputes this assertion. In fact, the Plaintiff established she continued to pay the real estate taxes to the point of a credit being issued by the County for the overpayment just a few years ago. However, even if the Court accepts the Defendant's ownership of the tax burden since 1989 (which it does not), this does not establish a right to adverse possession.

But for a recent attempt to evict the Plaintiff from the land, the Plaintiff testified she has always had access to the real estate. The Court finds this testimony credible. This negates the Defendant's claim of adverse possession.

There is simply no chain of events for the past twenty one years that would establish a claim of adverse possession by the Defendant. In fact, just over ten years ago, the Plaintiff sent the Defendant a letter regarding a delinquency for the real estate taxes. The Plaintiff clearly advised in that letter as to her intention to keep the real estate in the Reel family name. Other than paying the taxes in full for the following year to make up for the failure to pay her one-half portion the preceding year, the Defendant took no steps to counteract the Plaintiff's clear exercise of her co-tenancy in this letter. This is in direct contradiction to the Defendant's adverse possession claim.

As to the Defendant's constructive trust and equitable interest claims, the Court finds the Defendant has failed to present the Court with sufficient evidence to support those claims. Although the Court finds the Defendant may have been mistaken as to the nature of her "ownership" interest prior to her husband's death, this does not entitle her to rights which were never conveyed to her. Following her husband's death, the Defendant purchased his undivided one-half interest in the real estate. Nelson could only convey what he had – an undivided one-half interest.

{¶23} On April 1, 2015, Claudia filed Objections to the Magistrate's Decision.

{¶24} On May 7, 2015, Kathryn filed a Reply to Objections.

8

{¶25} On March 17, 2016, the trial court overruled Claudia's objections to the August 13, 2014 Magistrate's Decision and the March 19, 2015 Magistrate's Decision and adopted the same. The court ordered that the "Plaintiff [is] legally entitled to 42.75 acres of the property, and the Defendant is entitled to 14.75 acres of the property, together with the homestead and the remaining improvements."

{¶26} On April 15, 2016, Claudia filed a Notice of Appeal. On appeal, she raises the following assignments of error:

{¶27} "[1.] The trial court committed prejudicial error in granting plaintiffs-appellees judgment, finding that plaintiffs-appellees were entitled to partition upon the whole of the subject real estate, when the trial court failed to recognize a genuine issue of material fact as to the defendant-appellant's claim that at the time of Nelson Reel's estate administration Claudia Reel acquired an undivided one-half interest from the estate and the remaining individual one-half interest from Fred Reel by purchase since defendant-appellant had acquired or should have acquired by virtue of R.C. § 5305.02 the mansion house from the estate as a dual right in electing against the will."

{¶28} "[2.] The trial court committed prejudicial error in granting plaintiffs-appellees judgment, finding that plaintiffs-appellees were entitled to partition upon the whole of the subject real estate, when the defendant-appellant had occupied the residence and surrounding lands since 1967, and as the statute of limitations for [a] partition action had expired."

{¶29} "[3.] The trial court committed prejudicial error in granting plaintiffs-appellees judgment, finding that plaintiffs-appellees were entitled to partition, to the whole of the parcel when the defendant-appellant had obtained rights in adverse

9

possession of the residence and surrounding lands by adverse, hostile, exclusive, open, notorious, and continuous possession for more than 21 years since 1967."

{¶30} "[4.] The trial court committed prejudicial error in granting appelle[e]'s partition [sic] when the appellant's [sic] failed to name necessary parties."

{¶31} "[5.] The trial court committed prejudicial error in granting plaintiffs/appellees judgment finding plaintiff[s]-appellees were entitled to a partition upon the whole of the subject real estate, when appellant's [sic] made undisputed improvements to the subject property and it would be inher[e]ntly inequitable and creat[e] unjust enrichment to the ap[p]elle[e] to be granted one-half of the value of those improvements."

{¶32} "[6.] The trial court committed prejudicial error in granting plaintiff-appellees judgment, finding plaintiff-appellees were entitled to partition upon the whole of the subject real estate, when the commissioner was not impartial and the partition will cause irreparable injury to the land making it unpartitionable."

{¶33} "Tenants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof as provided in sections 5307.01 to 5307.25 of the Revised Code." R.C. 5307.01. "If the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition of the estate in favor of the plaintiff or all interested parties, appoint one suitable disinterested person to be the commissioner to make the partition, and issue a writ of partition." R.C. 5307.04.

{¶34} "[T]he right to partition is controlled by statute, it arises on the chancery side of the court, and remains equitable in nature," and "[t]he standard of review in equitable proceedings is abuse of discretion." *Sweet v. Caudill*, 11th Dist. Portage No. 2004-P-0095, 2006-Ohio-1009, ¶ 12.

{¶35} In the first assignment of error, Claudia contests the trial court's dismissal of her claim to have acquired the property by purchase and inheritance.

{¶36} "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶37} Claudia argues that she presented "sufficient evidence to place before the court" the fact that she should have inherited her husband's one-half interest in the property by operation of law under R.C. 5305.02 ("[a] surviving spouse may file a petition for dower * * * against the heir * * * setting forth the right thereto, and describing the tracts of land in which dower is claimed") and acquired the other one-half interest by purchase from Fred Reel. Appellant's brief at 14-15. The Counterclaim alleges that she paid Fred Reel, the executor of her husband's estate, $32,500 "for the purchase of his [Fred's] undivided one-half interest in the real estate," but received, instead, a fiduciary deed "from Fred Reel, in his capacity as executor of the will of Nelson R. Reel."

{¶38} We agree with the trial court that Claudia failed to state a claim upon which relief could be granted inasmuch as these claims concern Fred Reel and the Estate of Nelson Reel, neither of which are parties to the partition action.

{¶39} The first assignment of error is without merit.

{¶40} In the second assignment of error, Claudia maintains that, "[l]ike all other causes of action, a partition action is subject to statute of limitations," specifically the ten-year statute of limitations set forth in R.C. 2305.14 as applicable to "[a]n action for relief not [otherwise] provided for" in the Revised Code. Appellant's brief at 16.

{¶41} Claudia is mistaken. "The statutory enactments that control both partition and the ancillary remedy of accounting are re-enactments of the common law," and therefore are "not subject to the same statute of limitation as the action[s] in law." *Edwards v. Edwards*, 107 Ohio App. 169, 172, 157 N.E.2d 454 (4th Dist.1958). "The right to partition depends solely upon the existence of the privity of estate," i.e. "the existence of a cotenancy." *Id.* at 173. Stated otherwise, "[t]here is no statute of limitation as between cotenants." *Id.*; *accord Alpers v. Alpers*, 11th Dist. Geauga No. 93-G-1771, 1993 Ohio App. LEXIS 6078, 5 (Dec. 17, 1993).

{¶42} The second assignment of error is without merit.

{¶43} In the third assignment of error, Claudia argues that she was entitled to judgment on her claim of adverse possession.

{¶44} "To acquire by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace v. Koch*, 81 Ohio St.3d 577, 692 N.E.2d 1009 (1998), syllabus. Claims of adverse possession are commonly reviewed under a manifest weight of the evidence standard. (Citation omitted.) *Hoosier v. Heirs*, 4th Dist. Pike No. 14CA846, 2014-Ohio-5810, ¶ 20.

{¶45} When the parties are co-tenants of the subject property, a heightened standard is applied. "[A] tenant in common cannot assert title by adverse possession

12

against his cotenant unless he shows a definite and continuous assertion of adverse right by overt acts of unequivocal character clearly indicating an assertion of ownership of the premises to the exclusion of the right of the co-tenant." *Gil v. Fletcher*, 74 Ohio St. 295, 305-306, 78 N.E. 433 (1906); *Youngs v. Heffner*, 36 Ohio St. 232 (1880), paragraph one of the syllabus ("[t]he statute of limitations does not run in favor of a tenant in common in the occupancy of the premises, against his co-tenant, until some overt act of an unequivocal character, clearly indicating an assertion of ownership of the entire premises, to the exclusion of the right of the co-tenant").

{¶46} "The court enunciated an extremely high standard to establish adverse possession against a cotenant because possession by one cotenant is presumed to be possession by all." *Grace* at 579, fn. 1. "Therefore, a co-tenant adverse claimant generally cannot acquire property held in co-tenancy by mere possession of the property because that possession is presumed consistent with the other co-tenants' right to enter the land at any time." *Pottmeyer v. Douglas*, 4th Dist. Washington No. 10CA7, 2010-Ohio-5293, ¶ 32.

{¶47} In the present case, the record is devoid of any overt act of an unequivocal character clearly indicating Claudia's assertion of ownership to the exclusion of Roger and Kathryn. On the contrary, Claudia bases her adverse possession claims on mere possession of and improvements to the subject property. Appellant's brief at 18 and 20 ("[t]he first claim accrued * * * in 1967 when the defendant-appellant and her husband moved in"; "[t]he barn construction in 1984 as a permanent and lasting improvement is an additional indicia of the accrual of the cause of action"; "[t]he Appellant had the only keys to the house, garage, outbuildings and the

13

gates to the oil and gas access roads"). In the case of co-tenancy, as the cases cited demonstrate, possession of and improvements to the property are insufficient to meet the extremely high standard.

{¶48} Claudia suggests that the *Gil* standard was only intended to apply in situations where the subject property was occupied by all co-tenants. Appellant's reply brief at 8. But this is incorrect. The Ohio Supreme Court is explicit "that even a sole possession by one tenant in common, is not presumed to be adverse to the co-tenant; and that the ordinary presumption is that such a possession is held in right of both tenants." *Farmers' and Merchants' Natl. Bank v. Wallace*, 45 Ohio St. 152, 164-165, 12 N.E. 439 (1887).

{¶49} Claudia also challenges the magistrate's reliance on the alleged shared payment of real estate taxes, emphasizing that the returned checks proffered by Kathryn "do not match the tax duplicates." Appellant's brief at 24.

{¶50} "With respect to taxes, each cotenant is individually liable for the portion of taxes due and allocable to his interest." *Neubert v. Cassidy*, 9th Dist. Medina No. 2954-M, 2000 Ohio App. LEXIS 519, 13 (Feb. 16, 2000). In practice, there is evidence that the parties followed the general rule by dividing the tax liability equally. Claudia essentially admitted that Nelson paid one-half of the tax liability until his death in 1987. Thereafter, Claudia claimed to pay the entire tax liability. Kathryn disputed this claim and maintained that she and Roger continued to pay one-half of the tax liability after 1987. In support of her assertion, Kathryn submitted tax bills identifying herself and Roger as the taxpayers and evidence that they paid the full year's tax liability in 2004.

14

**{¶51}** While we agree that the evidence regarding real estate taxes is not dispositive, it is evidence the magistrate could consider in deciding whether Claudia's conduct reflected "an unmistakable intention on [her] part to exclude [her] co-tenants from the enjoyment of the property." *Farmers' Natl. Bank*, 45 Ohio St. 152 at 165, 12 N.E. 439.

**{¶52}** Finally, we do not find *Crossman v. Foster*, 44 Ohio App. 78, 183 N.E. 925 (12th Dist.1932) persuasive, which Claudia cites as an example of a successful adverse possession claim by one co-tenant against another. The adverse possessor in *Crossman* is never identified as a co-tenant and the heightened standard of proof enunciated in *Gil* is not mentioned. The few facts reported in the case do not indicate the adverse possessor had a legitimate ownership interest in the property apart from the adverse possession claim and he was alleged to have denied having any such interest. *Id.* at 80. The *Crossman* case is of minimal relevance to the present situation.

**{¶53}** The third assignment of error is without merit.

**{¶54}** In the fourth assignment of error, Claudia contends that Kathryn failed to name necessary parties, i.e., "the Trumbull County Treasurer and oil/gas lease holder," to the partition action. This argument was not presented in the court below and its relevance to this appeal is uncertain. Claudia's argument is as follows: "There is no case law to permit in the division of an oil and gas leases to partition a property for less than the unitized interest in the land [sic], that being by definition at least a minimum 40 acres of land and 150 feet from property line for new equipment. R.C. 1509.021(E)." Appellant's brief at 25.

15

**{¶55}** We note that, under Ohio law, "a leasehold for oil and gas, with the right to the use of the fee for the purposes of producing oil or gas, or of drilling for or otherwise discovering the same, in an estate of land such as contemplated by the statute, may be the subject of partition." *Black v. Sylvania Producing Co.*, 105 Ohio St. 346, 350, 137 N.E. 904 (1922).

**{¶56}** The Complaint in Partition, however, does not state a claim relative to mineral rights, nor does the partition adopted by the court implicate such rights. Claudia has failed to present any argument in the court below that such rights would be compromised by the partition. *Traicoff v. Christman*, 6th Dist. Lucas No. 549, 1982 Ohio App. LEXIS 15788, 5 (May 13, 1982). We find no basis for error.

**{¶57}** The fourth assignment of error is without merit.

**{¶58}** In the fifth assignment of error, Claudia argues that she should have been credited for improvements made to the subject property against the entire value of the property.

**{¶59}** "The general rule is that improvements made by one cotenant without the consent of all other cotenants inure to the benefit of all cotenants, who cannot later be forced to contribute a part of the cost of those improvements." *McCarthy v. Lippitt*, 150 Ohio App.3d 367, 2002-Ohio-6435, 781 N.E.2d 1023, ¶ 49 (7th Dist.); *Yeckley v. Yeckley*, Cuyahoga C.P. No. 611861, 2014 Ohio Misc. LEXIS 20207, 1-4 (June 9, 2014).

**{¶60}** "A trial court, during partition proceedings, has the equitable power to reimburse a cotenant for improvements even if those improvements were not made with the consent of the other cotenants * * * to avoid the unjust enrichment of the other

16

cotenants." *McCarthy* at ¶ 50; *Russell v. Russell*, 137 Ohio St. 153, 157, 28 N.E.2d 551 (1940) ("an action for partition is essentially equitable in its nature, and consequently when it is shown that necessary improvements have been made by a cotenant, a decree should not be rendered without a fair and reasonable allowance therefor").

**{¶61}** In the present case, the magistrate set forth reasonable grounds for not awarding or crediting Claudia with the value of improvements made to the subject property. First of all, the magistrate found that Claudia failed to prove the cost or value of the improvements made. Secondly, the magistrate noted that Claudia received the benefit of living on the property without compensating the co-tenants.

**{¶62}** These conclusions are reasonable and supported by the evidentiary record. Claudia testified that, at the time she and Nelson moved onto the property in 1967, Fred owned the other one-half interest in the property. She admitted that "the deal" was that she and Nelson would make improvements and maintain the property and, in return, they could live there without paying rent. Kathryn testified that Claudia continued to reside on the property after she and Roger acquired Fred's one-half interest under a similar understanding, i.e., that Claudia did not pay rent but was responsible for maintaining the property and insurance and paying one half of the real estate taxes.

**{¶63}** Claudia argues that the statute of frauds applies to make these agreements unenforceable. Appellant's brief at 24. The issue, however, is not whether the rent agreements were binding or enforceable but whether they reflected the parties' understanding of how the co-tenancy operated in practice.

**{¶64}** The fifth assignment of error is without merit.

{¶65} In the sixth assignment of error, Claudia argues that the commissioner's partition of the subject property causes irreparable injury to the value of the property. Claudia also suggests that the commissioner was biased, apparently based on the property valuations adopted.

{¶66} With respect to the house, Kathryn's expert appraised its value at $90,000, the court's expert at $70,000, and Claudia's expert at $50,000. The magistrate adopted the value of the court's expert. With respect to the land, the court's expert assigned a value of $4,000 per acre, Kathryn's expert of $2,500 per acre, and Claudia's expert of $2,300 per acre. The magistrate adopted the valuation of Kathryn's expert, noting that "because [Claudia] intends to remain in the homestead on the property," a lower valuation of the acreage in the division of the parcel would mean "that she would receive less acreage for herself." Claudia's expert testified at the hearing that she had no objection to the approach adopted by the other appraisers, but questioned whether the property sales selected for comparison were "truly similar" and whether the sales included mineral rights.

{¶67} We defer to the determinations of the magistrate as the trier of fact regarding the credibility of the witnesses and their opinions. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21 ("[i]n weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact"). Claudia has presented no compelling evidence of error or bias. *See* Appellant's reply brief, at 10 ("The Transcript of Proceedings speaks for itself. There appears to be no independence of analysis of the commissioner.").

{¶68} The sixth assignment of error is without merit.

{¶69} For the foregoing reasons, the Judgments of the Trumbull County Court of Common Pleas in favor of Kathryn on her claim for petition of the subject property and against Claudia on her various counterclaims to quiet title/adverse possession are affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, C.J.,

THOMAS R. WRIGHT, J.,

concur.