[Cite as *Staric v. Moriarity*, 2022-Ohio-2626.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| VERONICA A. STARIC, | CASE NO. 2021-G-0017 |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the Chardon Municipal Court |
| MARY H. MORIARITY, | Trial Court No. 2021 CVI 00348 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: August 1, 2022
Judgment: Affirmed

*Rodger A. Pelagalli,* Rodger A. Pelagalli Co., LPA, 6659 Pearl Road, Suite 401, Parma Heights, OH 44130 (For Plaintiff-Appellee).

*Dennis J. Ibold* and *Brian L. Bly*, Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Mary H. Moriarity, appeals the trial court's June 30, 2021 judgment overruling her objections to the magistrate's decision and entering a money judgment against her and in favor of appellee, Veronica A. Staric.

{¶2} Moriarity and Staric are sisters and joint owners of a parcel of real property located in Chesterland, Ohio. Their mother occupies the home on the property. On or about January 28, 2021, their mother informed Staric that the home's heating system had stopped working. Staric immediately contacted a heating repair company, who

determined the 40-year-old boiler could not be repaired and recommended installing a new unit. Without first consulting Moriarity, Staric approved the new unit and paid the invoice of $7,242.00. Staric then attempted to collect one-half of the cost from Moriarity who has refused to pay.

{¶3} Staric filed a complaint in small claims court, seeking one-half of the repair bill from Moriarity. A trial was held before the magistrate, at which both parties testified and submitted evidence. The magistrate recommended judgment in favor of Staric, and Moriarity filed objections to the decision.

{¶4} The trial court overruled Moriarity's objections and determined that "this repair was of a necessary nature, and not a volunteer act, as [Moriarity] alleges in her objections. It was late January in northeast Ohio, and their mother had no heat. Not making the repair would render the landlords derelict in their duties, in violation of the RC 5321.04 [sic]. Additionally, as joint owners, both sisters have a vested interest in maintaining the home in a safe and habitable condition, so as to increase the value of the property, or, at least, not decrease said value. Therefore, both sisters, as joint owners, shall bear the liability of necessary repairs to the residence." The trial court entered judgment against Moriarity, in favor of Staric, in the amount of $3,621.00 plus interest at the statutory rate of 3% from the date of judgment and court costs.

{¶5} On appeal, Moriarity advances one assignment of error:

{¶6} "The trial court erred in overruling Appellant's objections to the Magistrate's Decision, and entering a money judgment against Appellant."

{¶7} Moriarity argues that the trial court failed to correctly apply the law of this court as decided in *Reel v. Reel*, 2016-Ohio-8116, 74 N.E.3d 995 (11th Dist.). This court's

2

review of the trial court's application of the law to largely undisputed facts is de novo. *Ross v. Cuyahoga Cty. Bd. of Revision*, 155 Ohio St.3d 373, 2018-Ohio-4746, 121 N.E.3d 365, ¶ 8.

{¶8} In *Reel,* two tenants in common (Plaintiffs) brought a partition action against a third tenant in common (Defendant) in the common pleas court. *Reel* at ¶ 1-2. Defendant filed a counterclaim, seeking to quiet title in the property. *Id.* at ¶ 1. Defendant had lived in the residence with her husband for over 40 years, during which time the couple made significant improvements to the property. *Id.* at ¶ 22. The common pleas court ordered partition of the property and found that Defendant was not entitled to any reimbursement for the improvements, reasoning that she had received the value of living in the residence without compensating Plaintiffs. *Id.* at ¶ 22, ¶ 25. On appeal, Defendant argued that she should have been credited for the improvements made against the entire value of the property. *Id.* at ¶ 58. This court upheld the common pleas court's decision, relying on the following case law:

> The general rule is that improvements made by one cotenant without the consent of all other cotenants inure to the benefit of all cotenants, who cannot later be forced to contribute a part of the cost of those improvements. * * * A trial court, during partition proceedings, has the equitable power to reimburse a cotenant for improvements even if those improvements were not made with the consent of the other cotenants * * * to avoid the unjust enrichment of the other cotenants.

*Id.* at ¶ 59-60, quoting *McCarthy v. Lippitt*, 150 Ohio App.3d 367, 2002-Ohio-6435, 781 N.E.2d 1023, ¶ 49-50 (7th Dist.).

{¶9} The factual and legal distinctions between *Reel*/*McCarthy* and the case at hand render application of this general rule inapposite. First, *Reel* and *McCarthy* were both equitable actions for partition; here, Staric's claim is for a money judgment under the

Case No. 2021-G-0017

legal theory of contribution. Second, the improvements at issue in *Reel* took place over 40 years by a tenant in common who resided at the property; here, the parties' mother resides at the property, does not pay rent, and owns no interest in the property.

{¶10} Further, regarding the right of contribution, a distinction exists between improvements and services rendered, on the one hand, and necessary repairs or maintenance expenses, on the other. Generally, one tenant in common cannot bind the others for improvements made without agreement, as stated in *Reel*, or for services personally rendered without agreement. *See, e.g., Whirrett v. Mott*, 77 Ohio App.3d 177, 179, 601 N.E.2d 525 (3d Dist.1991), quoting 86 Corpus Juris Secundum, Tenancy in Common, Section 68g, at 457 (1954) (holding, in an appeal from a small claims money judgment, that "[t]he general rule is that 'a tenant in common is not entitled to compensation for services rendered in the care and management of the common property, in the absence of an agreement for compensation'"). However, a right of contribution does generally exist for necessary maintenance expenses "incurred in maintaining and preserving the common property" or for necessary repairs "substantially benefiting the premises." 86 Corpus Juris Secundum, Tenancy in Common, Sections 90-91 (May 2022 update). *See, e.g., Whirrett* at 180 ("Utilities were a necessary expense for this property and appellee is entitled to receive payment from appellant for her share of this expense."); and *Gleason v. Squires*, 39 Ohio App. 88, 90, 176 N.E. 593 (5th Dist.1931) ("one joint tenant cannot bind the other, or others, except for necessary repairs, or taxes, etc."). *See also,* albeit in the context of partition actions*, Neubert v. Cassidy*, 9th Dist. Medina No. 2954-M, 2000 WL 202106, *5 (Feb. 16, 2000) ("A cotenant may be entitled to contribution for necessary expenditures such as interest, insurance,

4

fuel, or the discharge of outstanding liens.") and *Reel* at ¶ 60, quoting *Russell v. Russell,* 137 Ohio St. 153, 157, 28 N.E.2d 551 (1940) ("'when it is shown that *necessary* improvements have been made by a cotenant, a decree should not be rendered without a fair and reasonable allowance therefor'"). (Emphasis added.)

{¶11} In her objections to the magistrate's decision, Moriarity additionally relied on *Washburn v. Jones*, 2d Dist. Clark No. 2546, 1989 WL 130797 (Oct. 30, 1989), which held that "[o]rdinarily, a co-tenant who makes repairs or improvements on common property without the consent of his or her co-owners is merely a volunteer and has no right to contribution." *Id.* at *2, citing *Baltimore & Ohio Railroad Company v. Walker*, 45 Ohio St. 577, 588, 16 N.E. 475 (1888). This case is also distinguishable. In *Washburn*, the court held that the plaintiff had no right to contribution from her cotenants in part because there was no evidence that the improvements she made to the property were necessary. *Washburn* at *3. Here, on the other hand, the trial court found that replacing the boiler was a necessary expense and not a "volunteer act"—a factual finding not challenged by Moriarity. Thus, the trial court appropriately distinguished *Washburn* on this basis.

{¶12} Because replacing the boiler was a necessary repair to property jointly owned by the parties as tenants in common, the trial court did not err in determining that both shall bear the liability and entering a money judgment against Moriarity, in favor of Staric.

{¶13} The sole assigned error is without merit.

5

{¶14} The judgment of the Chardon Municipal Court, Small Claims Division, is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

6