NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4746

ROSS ET AL., APPELLANTS, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ross v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4746.]**

*Taxation—R.C. 5717.01 requirement to timely file notice of appeal—Board of Tax Appeals' decision affirmed.*

(No. 2017-0653—Submitted September 11, 2018—Decided November 29, 2018.)

APPEAL from the Board of Tax Appeals, No. 2016-1716.

————————

**Per Curiam.**

{¶ 1} This case presents a jurisdictional issue that turns on whether appellants, property owners Thomas and Nancy Ross, complied with the requirements set forth in R.C. 5717.01 to appeal a decision of appellee Cuyahoga County Board of Revision ("BOR") to the Board of Tax Appeals ("BTA"). R.C. 5717.01 requires a party seeking to appeal from a decision of a county board of revision to timely file a notice of appeal "with the board of tax appeals and with the

county board of revision." The BTA dismissed the Rosses' appeal because it found that they failed to timely file a notice of appeal with the BOR.

{¶ 2} The Rosses now appeal the BTA's decision, arguing that they did timely file a notice of appeal with the BOR and alternatively that the BTA should have convened an evidentiary hearing on the jurisdictional issue presented. We disagree with the Rosses' arguments and therefore affirm the BTA's decision.

## I. BACKGROUND

{¶ 3} The Rosses filed a real-property valuation complaint with the BOR, challenging appellee Cuyahoga County fiscal officer's valuation of the subject property for tax year 2015. On September 28, 2016, the BOR issued a decision maintaining the fiscal officer's assessed value of the property. On September 29, 2016, the Rosses filed a Department of Tax Equalization ("DTE") Form 4 notice of appeal with the BTA. The BTA then sent out a docketing letter confirming that an appeal had been filed, providing a case number, and setting a hearing date in April 2017.

{¶ 4} On October 27, 2016, the Rosses' attorney attended a public meeting of the BOR,[1] made a public comment, and submitted a written comment stating the following:

BOARD OF REVISION MEETING 10-27-16

CUYAHOGA COUNTY, OHIO

PUBLIC COMMENT of J. Alex Morton Attorney on Complaint

684-31-044-2015

---

1. Because minutes of the BOR's October 27, 2016 meeting were not provided to the BTA in the proceedings below and are not part of the record on appeal, the Rosses ask us to take judicial notice of the minutes. The rule allowing courts to take judicial notice of certain facts is not "an exception to the rule that evidence must be timely offered in a judicial proceeding." *AP Hotels of Illinois, Inc. v. Franklin Cty. Bd. of Revision*, 118 Ohio St.3d 343, 2008-Ohio-2565, 889 N.E.2d 115, ¶ 8, fn. 1. Because the Rosses did not timely present the meeting minutes to the BTA, we decline to take judicial notice of them.

> BOR decision:
>
> 1.     Ignores Ohio Supreme Court 2015 decision—*Ross v. Cuyahoga County BOR*
>
> 2.     Ignores BOR Appraisal of November 20, 2015
>
> 3.     Ignores common sense
>
> 4.     Undermines public confidence in competence and integrity of BOR
>
> The consequences: taxpayers will stop paying taxes

(Capitalization sic.)

**{¶ 5}** On November 1, 2016, 34 days after the BOR provided notice of its decision, the Rosses submitted a copy of their DTE Form 4 notice of appeal to the BOR.

**{¶ 6}** In March 2017, the BOR and fiscal officer moved the BTA to dismiss the appeal on the ground that the Rosses failed to timely file a notice of appeal with the BOR, as required by R.C. 5717.01. The Rosses opposed the motion, arguing that their attorney's public comment and written submission at the BOR meeting were sufficient to satisfy R.C. 5717.01.

**{¶ 7}** The BTA found the Rosses' argument unpersuasive. Initially, the BTA found that the filing of a notice of appeal requires physical delivery, which "cannot be accomplished through verbal communication with a board of revision." BTA No. 2016-1716, 2017 WL 1444075, at * 2 (Apr. 18, 2017). In addition, the BTA found that the Rosses' attorney's written comment "is not adequate to meet the minimum requirements under R.C. 5717.01." *Id.* The BTA dismissed the appeal, and the Rosses have appealed here.

## II.  ANALYSIS

### A.  Standard of review is de novo

**{¶ 8}** This appeal presents an issue of law because it involves a question of the BTA's jurisdiction, the resolution of which turns on the proper application of the appeal statute, R.C. 5717.01.  *See Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 8, citing *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision,* 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.  And because the issue involves an application of the law to largely undisputed facts, we review the issue de novo.  *Cincinnati v. Testa,* 143 Ohio St.3d 371, 2015-Ohio-1775, 38 N.E.3d 847, ¶ 15.

### B.  To perfect an appeal of a county board of revision's decision to the BTA, a notice of appeal must be timely filed with both the BTA and the BOR

**{¶ 9}** At the outset, it is well established that the BTA is a creature of statute and as such has only the jurisdiction, power, and duties expressly provided by the General Assembly.  *Steward v. Evatt*, 143 Ohio St. 547, 56 N.E.2d 159 (1944), paragraph one of the syllabus.  R.C. 5717.01 establishes the means for invoking the BTA's jurisdiction in an appeal of a decision of a county board of revision.

**{¶ 10}** When, as here, "a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right of appeal conferred."  *Am. Restaurant & Lunch Co. v Glander*, 147 Ohio St. 147, 70 N.E.2d 93 (1946), paragraph one of the syllabus.  R.C. 5717.01 provides that within 30 days after notice of the board of revision's decision is mailed, an "appeal shall be taken by the *filing* of a *notice of appeal*, in person or by certified mail, express mail, facsimile transmission, electronic transmission, or by authorized delivery service, with the board of tax appeals *and with the county board of revision*."  (Emphasis added.)  Once a notice of appeal is received by the county board of revision, that board has a statutory duty to "notify all persons * * * who were parties to the

proceedings before" it, file proof of that notice with the BTA, and provide the BTA with a certified transcript of the proceedings pertaining to the complaint and all evidence offered in relation thereto. *Id.* Because these duties run to "the core of procedural efficiency," the filing of a notice of appeal with the board of revision is essential to perfecting an appeal. *Akron Std. Div. of Eagle-Pitcher Industries, Inc. v. Lindley*, 11 Ohio St.3d 10, 462 N.E.2d 419 (1984).

{¶ 11} Our case law confirms that failure to comply with R.C. 5717.01's dual filing requirements, including the time limits for filing an appeal, "is fatal to the appeal." *Hope v. Highland Cty. Bd. of Revision*, 56 Ohio St.3d 68, 564 N.E.2d 433 (1990). *Accord Austin Co. v. Cuyahoga Cty. Bd. of Revision*, 46 Ohio St.3d 192, 194, 546 N.E.2d 404 (1989) ("under R.C. 5717.01, an appellant must timely file notices of appeal with the BTA and with the board of revision. If they are not so filed, the BTA does not obtain jurisdiction to hear the appeal"); *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision*, 80 Ohio St.3d 621, 623, 687 N.E.2d 746 (1998) (same). In each of these cases, we held that timely dual filings with the BTA and the county board of revision were necessary to invoke the jurisdiction of the BTA under R.C. 5717.01.

## C. The record does not establish that the Rosses timely filed a notice of appeal with the BOR as required by R.C. 5717.01

{¶ 12} In their first proposition of law, the Rosses contend their attorney's oral comments and written submission provided at the BOR's October 2016 meeting "substantially complied with R.C. 5717.01" and were "sufficient to invoke the jurisdiction of the BTA." We disagree. R.C. 5717.01 requires the "filing" of a "notice of appeal." Counsel satisfied neither of these requirements by speaking and submitting a written comment at the BOR meeting.

{¶ 13} A filing requires physical delivery of the item to be filed to the proper official. *L.J. Smith, Inc. v. Harrison Cty. Bd. of Revision*, 140 Ohio St.3d 114, 2014-Ohio-2872, 16 N.E.3d 573, ¶ 21. *See also Elkem Metals Co., Ltd.*

*Partnership v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 687, 693 N.E.2d 276 (1998), quoting *United States v. Lombardo*, 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897 (1916) (a filing connotes " 'deliver[y] to the proper official and by him received and filed' "). Thus, the BTA's finding that a "filing requires the physical delivery of [a] notice of appeal," which "cannot be accomplished through verbal communication with a board of revision," 2017 WL 1444075 at * 2, was both reasonable and lawful. The BTA correctly found that counsel's oral comments before the BOR did not constitute a filing for purposes of R.C. 5717.01.

{¶ 14} And even if counsel's submission of a written comment at the BOR meeting constituted a filing, the submission did not constitute a notice of appeal. A notice of appeal must " 'apprise the opposite party of the taking of an appeal.' " *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259, 436 N.E.2d 1034 (1982), quoting *Capital Loan & Savings Co. v. Biery*, 134 Ohio St. 333, 339, 16 N.E.2d 450 (1938). Counsel's written comment contains no reference to an appeal. In fact, the words "notice" and "appeal" do not appear anywhere in the written comment. The BTA, therefore, reasonably found that the written comment did not satisfy the notice-of-appeal requirement of R.C. 5717.01. *See* 2017 WL 1444075 at * 2.

{¶ 15} And contrary to the Rosses' claim, the BTA's docketing letter cannot relieve them from their statutory obligation to file a notice of appeal with the BOR. As we explained in *Austin Co.*, 46 Ohio St.3d at 194, 546 N.E.2d 404, "the BTA has no statutory duty to inform a board of revision that an appeal has been filed. * * * [And] [a]ppellants may not substitute the BTA's voluntary deeds for their required acts."

{¶ 16} Because the Rosses did not timely effectuate dual filings of the notice of appeal with both the BTA and the BOR, the BTA properly dismissed the appeal. We therefore reject the Rosses' first proposition of law.

## D. The Rosses were accorded all the process that was due

{¶ 17} In their second and third propositions of law, the Rosses contend that the BTA was required to convene an evidentiary hearing on the jurisdictional issue presented and that the BTA's failure to do so violated their "constitutional right to due process of law."

{¶ 18} As a starting point, R.C. 5717.01 provides that the BTA "may order the appeal to be heard on the record * * * or it may order the hearing of additional evidence." And by rule, the BTA provides that "[i]f circumstances warrant, the board may proceed without delay to rule upon [a] motion." Ohio Adm.Code 5717-1-13(B). Thus, neither statute nor BTA rule requires the evidentiary hearing that the Rosses demand.

{¶ 19} The Rosses rely on a single case in support of their demand for an evidentiary hearing: *Consolidated Freightways, Inc. v. Summit Cty. Bd. of Revision*, 21 Ohio St.3d 17, 487 N.E.2d 298 (1986). But that case is materially distinguishable. In *Consolidated Freightways*, the jurisdictional issue turned on a purely factual dispute regarding whether the certified mailing that Consolidated Freightways had sent to the board of revision contained the DTE Form 4 notice of appeal (which form was then required by statute to effectuate an appeal). We held that the BTA's factual determination that the certified mailing did not contain the required form was unreasonable in light of the sworn testimony. *Id.* at 20. In this case, although the Rosses demand an opportunity to present testimony from their attorney and a county official, based upon the assertions in the Rosses' brief, nothing in that testimony could demonstrate that they perfected their appeal. And the absence of any question of material fact obviates any need for a hearing. *Brown v. Levin*, 119 Ohio St.3d 335, 2008-Ohio-4081, 894 N.E.2d 35, ¶ 15.

{¶ 20} Indeed, we have even held that under R.C. 5717.02(E), which states that "upon the application of any interested party the board shall order the hearing of additional evidence," the BTA is justified in denying a hearing and summarily

disposing of a claim when the nature of the claim reveals that "there is nothing to accomplish by holding a hearing and taking additional evidence." *Brown* at ¶ 15. The same reasoning applies here. The Rosses had ample opportunity to set forth their reasons why the appeal should not be dismissed. As discussed above, the Rosses' stated reasons are legally insufficient, and there is no factual dispute to be resolved that would make any difference to the disposition of the motion. The Rosses' claim of a constitutional due-process violation therefore is unfounded.

**{¶ 21}** Accordingly, we reject the Rosses' second and third propositions of law.

### III. CONCLUSION

**{¶ 22}** For the foregoing reasons, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

J. Alex Morton, for appellants.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Greenfield, Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Fiscal Officer.

_____