[Cite as *New Albany-Plain Local Schools Bd of Edn. v. Franklin Cty. Bd. of Revision*, 2023-Ohio-3806.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| New Albany-Plain Local Schools Board of Education et al., | : | |
| | : | Nos. 22AP-732, 22AP-733, 22AP-737, 22AP-738, 22AP-743, 22AP-744, 22AP-746, 22AP-747, 22AP-748, 22AP-749, 22AP-750, & 22AP-751 |
| Appellants-Appellants, | : | |
| | : | |
| v. | | |
| | : | |
| Franklin County Board of Revision et al., | | (BTA Nos. 2022-1515, 2022-1260, 2022-1507, 2022-1503, 2022-1501, 2022-1708, 2022-1446, 2022-1447, 2022-1448, 2022-1449, 2022-14311, & 2022-1714) |
| | : | |
| Appellees-Appellees. | : | |
| | : | |
| | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on October 19, 2023

**On brief:** *Rich & Gillis Law Group, LLC, Mark H. Gillis*, and *Kelley A. Gorry*, for appellants.

**On brief:** *Zaino Hall & Farrin, LLC, Steven K. Hall*, and *Robert C. Maier*, for appellee ANSA Propco Partnership, LP.

**On brief:** *Vesha Law Firm, LLC, Sterling Weiser, Nicholas C. Vesha*, and *Jim Lewis*, for appellees Dhanlazmi, LLC, and Riaan Raman, LLC.

**On brief:** *Bailey Cavalieri, LLC, Joshua D. DiYanni*, and *Graycen M. Wood*, for appellees 32 Viotis Dr., LLC, Eakin Place Holdings, LLC, and Eakin Brooksedge Apartments, LLC.

**On brief:** *Dinsmore & Shohl, LLP*, and *Kelvin M. Lawrence*, for appellees UHS-161 N. Fourth, LLC; District at Linworth TIC1, LLC; District at Linworth TIC2, LLC; District at Linworth TIC3, LLC; District at Linworth TIC4, LLC; District at Linworth TIC5, LLC, and; District at Linworth TIC6, LLC.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *William J. Stehle*, for appellees Franklin County Auditor and Board of Revision.

---

APPEALS from the Ohio Board of Tax Appeals

BOGGS, J.

{¶ 1}     Presently before this court are 12 appeals from 8 decisions of the Ohio Board of Tax Appeals ("BTA"), in each of which the BTA dismissed for lack of jurisdiction an appeal from a decision of the Franklin County Board of Revision ("BOR"). Appellants are the New Albany-Plain Local Schools Board of Education (case No. 22AP-732), the South-Western City Schools Board of Education (case Nos. 22AP-733, 22AP-737, and 22AP-738), the Columbus City Schools Board of Education (case Nos. 22AP-743, 22AP-744, 22AP-746, 22AP-747, 22AP-748, and 22AP-749), and the Worthington City Schools Board of Education (case Nos. 22AP-750 and 22AP-751). Appellees in each appeal include the BOR, the Franklin County Auditor, the Ohio Tax Commissioner, and the owner or owners of the properties at issue. At appellants' request, this court has coordinated these appeals for purposes of oral argument and determination. (Dec. 13, 2022 Journal Entry.) For the following reasons, we reverse the BTA's decisions.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2}     Each of these appeals stems from a decision of the BTA dismissing for lack of jurisdiction an appellant board of education's appeal of a decision of the BOR, concerning the valuation of property located within their respective school districts for tax year 2021. In dismissing the appeals, the BTA relied on its recent decision in *North Ridgeville City Schools Bd. of Edn. v. Lorain Cty. Bd. of Revision*, BTA No. 2022-1152, 2022 Ohio Tax LEXIS 2518 (Oct. 31, 2022). In *North Ridgeville*, the BTA applied recent amendments to R.C. 5717.01, the statute that governs appeals to the BTA, enacted by 2022 Am.Sub.H.B. No. 126 ("H.B. 126"). The BTA stated that, as amended, R.C. 5717.01 prohibits a board of education from appealing a board of revision's decision regarding the valuation of property the board of education does not own or lease. *Id.* at *4. Applying that reasoning in these appeals, the BTA held that it lacked jurisdiction because the appellants boards of education did not own or lease the properties at issue.

{¶ 3}   In their appeals to this court, the boards of education argue that the BTA's analysis in *North Ridgeville* was erroneous and that the H.B. 126 amendments to R.C. 5717.01, upon which the BTA relied, are inapplicable.

## II.  ASSIGNMENTS OF ERROR

{¶ 4}   In each of the 12 appeals before this court, the appellants boards of education raise 11 identical  assignments of error:

> 1.  The Decision is unreasonable and unlawful because the BTA relied solely upon its erroneous decision in *North Ridgeville*[.]
>
> 2. The Decision is unreasonable and unlawful because in *North Ridgeville*, the BTA ignored the plain meaning of the unambiguous words the General Assembly used in the revisions to R.C. 5717.01[.]
>
> 3. The BTA committed legal error in *North Ridgeville* by failing to recognize that the General Assembly's use of the phrase "a subdivision that files" in R.C. 5717.01 as the operative language in present tense applies prospectively only [to] present and future actions and does not include past actions[.]
>
> 4. The Decision is unreasonable and unlawful because the BTA failed to apply the rules of grammar and violated the rules of statutory construction in *North Ridgeville* in interpreting the present tense language in R.C. 5717.01 as including any complaints filed prior to the effective date of the legislation[.]
>
> 5. The BTA committed legal error in *North Ridgeville* after correctly determining that the revisions to R.C. 5717.01 are clear and unambiguous but then utilizing the General Assembly's perceived legislative intent as support for its interpretation of the revisions directly inconsistent with the actual words used by the General Assembly[.]
>
> 6. The BTA committed legal error in *North Ridgeville* by rewriting the language of the revisions to R.C. 5717.01 as follows: "except that a subdivision with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision." *North Ridgeville*, at *2 ("Therefore, we hold that boards of education now have no appeal rights to this Board unless the board of education owns or leases the property"); *Id*. at *5 ("***in order to lawfully appeal a board of revision decision to this Board, the appellant cannot be a subdivision that does not own or lease the property at issue in the original complaint").

7. The Decision is unreasonable and unlawful as the BTA failed to recognize in *North Ridgeville* that the General Assembly's retention of the former appeal right in R.C. 5717.01 preserves the existing appeal rights of those entities for any complaint filed <u>prior</u> to the effective date of the revisions[.]

8. The BTA committed legal error in *North Ridgeville* by concluding that the revisions to R.C. 5717.01 did not incorporate the new definitions of "subdivision" [or rather "legislative authority of a subdivision"], "original complaint" and "counter-complaint" from revised R.C. 5715.19, effective for tax year 2022, when the plain meaning of the language used by the General Assembly in the revisions to R.C. 5717.01 clearly and unambiguously incorporates these definitions[.]

9. The Decision is unreasonable and unlawful because the BTA held in *North Ridgeville* that the new definitions in R.C. 5715.19, effective for tax year 2022, had no new meaning when the General Assembly retained the terms "board", "legislative authority", "public official", and "complaints" from former R.C. 5717.01 in the revisions to R.C. 5717.01[.]

10. The BTA erred in *North Ridgeville* in concluding that "jurisdiction is not conferred on appeal merely because the underlying cause of action was validly filed" when Appellant Board of Education never argued that the right to appeal was vested in a validly filed complaint[.]

11. The BTA erred in *North Ridgeville* by comparing the revisions to R.C. 5717.01 to the revisions to R.C. 5717.04 because the language the General Assembly used in the revisions to R.C. 5717.04 is not even remotely comparable to the words the General Assembly used in the revisions to R.C. 5717.01[.]

(Emphasis sic.) (Appellants' Briefs at 1-5.) The assignments of error identify what the appellants contend are legal errors in the *North Ridgeville* decision since the BTA's decisions in these appeals contain little analysis beyond citation to *North Ridgeville*.

## III. STANDARD OF REVIEW

{¶ 5} "When reviewing a BTA decision, we determine whether the decision is reasonable and lawful; if it is both, we must affirm." *NWD 300 Spring L.L.C. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 193, 2017-Ohio-7579, ¶ 13, citing R.C. 5717.04. The BTA's factual findings are entitled to deference if they are supported by reliable and probative evidence, but an appellate court " 'will not hesitate to reverse a BTA decision that

is based on an incorrect legal conclusion.' " *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 146 Ohio St.3d 412, 2016-Ohio-1506, ¶ 26, quoting *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232 (2001). We review questions of law, including questions of statutory interpretation, de novo. *Sheffield Crossing Station, L.L.C. v. Lorain Cty. Bd. of Revision*, 10th Dist. No. 19AP-687, 2020-Ohio-6938, ¶ 3; *Rock City Church v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 22AP-372, 2023-Ohio-1339, ¶ 5, citing *Thomas v. Logue,* 10th Dist. No. 21AP-385, 2022-Ohio-1603, ¶ 12.

{¶ 6} These appeals present legal questions regarding the BTA's jurisdiction, resolution of which turns on the proper application of R.C. 5717.01. *See Ross v. Cuyahoga Cty. Bd. of Revision*, 155 Ohio St.3d 373, 2018-Ohio-4746, ¶ 8. Specifically, we must determine the impact of the H.B. 126 amendments to R.C. 5717.01, and whether those amendments apply to an appeal on a complaint that was filed before the H.B. 126 amendments took effect if the decision being appealed was issued after the effective date of the H.B. 126 amendments. These are questions of law that we review de novo.

## IV. ANALYSIS

{¶ 7} The BTA, county boards of revision, and boards of education are all creatures of statute, and as such they have only the jurisdiction, power, and duties the General Assembly has expressly given them. *Ross* at ¶ 9, citing *Steward v. Evatt*, 143 Ohio St. 547 (1944), paragraph one of the syllabus; *Kohl's Illinois, Inc. v. Marion Cty. Bd. of Revision*, 140 Ohio St.3d 522, 2014-Ohio-4353, ¶ 23; *Hall v. Lakeview Local School Dist. Bd. of Edn.*, 63 Ohio St.3d 380, 383 (1992). Here, we are concerned with the statutory authority of boards of education to challenge real-property valuations, their ability to appeal a board of revision's decision to the BTA, and the BTA's jurisdiction to adjudicate such an appeal.

{¶ 8} "[T]here is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute." *Yanega v. Cuyahoga Cty. Bd. of Revision*, 156 Ohio St.3d 203, 2018-Ohio-5208, ¶ 10, citing *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001). Moreover, " '[w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.' " *Id.*, quoting *Am. Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147 (1946), paragraph one of the syllabus. Accordingly, we turn to the statutory

framework that sets forth the process for filing challenges to real-property valuations for tax purposes and for appealing the determinations of those challenges.

## A.  R.C. 5715.19 and 5717.01

{¶ 9}   R.C. 5715.19 outlines the procedure for challenging real-property valuations for tax purposes before a county board of revision, and R.C. 5717.01 sets out the procedure for appealing a board of revision's decision to the BTA.  The statute most directly at issue here is R.C. 5717.01, which specifies, in part, who may appeal a board of revision's decision to the BTA.  In R.C. 5717.01, however, the General Assembly ties the authority to file an appeal to the authority to file a complaint against valuations or assessments under R.C. 5715.19.  R.C. 5717.01 only allows entities authorized by R.C. 5715.19 to file a complaint with the board of revision to appeal a decision to the BTA.  Both statutes, therefore, inform our analysis.

{¶ 10}   Under the pre-H.B. 126 version of R.C. 5717.01, and subject to an exception addressed below in the post-H.B. 126 version of the statute, "[a]n appeal from a decision of a county board of revision may be taken to the [BTA] * * * by * * * any board, legislative authority, public official, or taxpayer authorized by [R.C. 5715.19] to file complaints against valuations or assessments with the auditor," for determination by the county board of revision.  Thus, to determine who may appeal a board of revision's decision to the BTA under R.C. 5717.01, we must turn to R.C. 5715.19 and its designation of who may file complaints against valuations or assessments.

{¶ 11}   "R.C. 5715.19(A) 'establishes the jurisdictional gateway to obtaining review by the boards of revision' " of complaints relating to valuations or assessments of real property.  *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, ¶ 11, quoting *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, ¶ 10.  R.C. 5715.19(A)(1) authorizes the filing of a complaint against any of six enumerated determinations "for the current tax year," *id.*, including "[t]he determination of the total valuation or assessment of any parcel that appears on the tax list[.]" R.C. 5715.19(A)(1)(d).

{¶ 12} As to who may file a complaint, the pre-H.B. 126 version of R.C. 5715.19, which was in effect when the complaints underlying these appeals were filed, stated, in part:

> (A) * * * the board of county commissioners; * * * the board of township trustees of any township with territory within the county; *the board of education of any school district with any*

Nos. 22AP-732, 22AP-733, 22AP-737, 22AP-738, 22AP-743, 22AP-744
22AP-746, 22AP-747, 22AP-748, 22AP-749, 22AP-750, & 22AP-751

7

*territory in the county*; or the mayor or legislative authority of any municipal corporation with any territory in the county may file such a complaint [*i.e.* "a complaint against any of the [enumerated] determinations for the current tax year"] regarding any such determination affecting any real property in the county[.]

* * *

(B) Within thirty days after the last date such complaints may be filed, the auditor shall give notice of each complaint in which the stated amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars in taxable value * * * to each board of education whose school district may be affected by the complaint. Within thirty days after receiving such notice, *a board of education * * * may file a complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint or objecting to the current valuation.*

(Emphasis added.) There is no dispute that the appellants boards of education were authorized under the pre-H.B. 126 version of R.C. 5715.19(A) and/or (B) to file complaints regarding the valuations of the properties at issue. Nor is there any dispute that appellants—as "board[s]" authorized by R.C. 5715.19 to file complaints against valuations or assessments—would be authorized under the pre-H.B. 126 version of R.C. 5717.01 to appeal the BOR's decisions to the BTA.

**B. H.B. 126**

{¶ 13} In April 2022, while the underlying valuation challenges were pending before the BOR, the General Assembly enacted H.B. 126, which took effect on July 21, 2022. As relevant here, Section 1 of H.B. 126 amended R.C. 5715.19 and 5717.01, and Section 2 repealed the preexisting versions of those statutes. Section 3(A) of H.B. 126 states that, except for newly enacted R.C. 5715.19(I), which prohibits the settlement of property tax disputes through private-payment agreements, the amendments to R.C. 5715.19 "appl[y] to any original complaint or counter-complaint, as those terms are defined in that section,

filed for tax year 2022 or any tax year thereafter."[1]  2022 Am.Sub.H.B. No. 126, Section 3(A).

{¶ 14} As amended by H.B. 126, R.C. 5717.01 retains, without modification from the prior version of the statute, the designation of who may appeal a board of revision's decision to the BTA, but H.B. 126 added to R.C. 5717.01 an exception that limits the circumstances in which a political subdivision may appeal.  As amended, R.C. 5717.01 states:

> An appeal from a decision of a county board of revision * * * may be taken by * * * any board, legislative authority, public official, or taxpayer authorized by [R.C. 5715.19] to file complaints against valuations or assessments with the auditor, *except that a subdivision that files an original complaint or counter-complaint under that section with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint.*

(Emphasis added.)

{¶ 15} The exception, like the general rule, refers to R.C. 5715.19 to define its applicability, but it also uses three terms—"subdivision," "original complaint," and "counter-complaint"—that did not appear in the former version of R.C. 5715.19(A) or (B).[2] In amended R.C. 5715.19(A), the General Assembly defined "original complaint" as a complaint filed under R.C. 5715.19(A) and a "counter-complaint" as a complaint filed under R.C. 5715.19(B).  The General Assembly did not define "subdivision" in amended R.C. 5715.19, but it is well-established that a school district is a political subdivision created by the General Assembly.  *Avon Lake City School Dist. v. Limbach*, 35 Ohio St.3d 118, 122 (1988).

{¶ 16} The H.B. 126 amendments to R.C. 5715.19(A) rephrased but did not substantively alter the list of persons and entities authorized to file complaints against real-property valuations.[3]  Amended R.C. 5715.19(A) and (B) state, in relevant part:

---

[1] Section 3(B) of H.B. 126 states that R.C. 5715.19(I) applies to any private payment agreement entered into on or after the effective date of H.B. 126.

[2] There is one use of the term "original complaint" in former R.C. 5715.19(D), which addresses the continuing effect of an "original complaint" for the current tax year that the board of revision does not determine within the time prescribed.

[3] The General Assembly removed from that list the "board of county commissioners," the "board of township trustees of any township with territory in the county[,] the board of education of any school district with any territory in the county[,]" and the "legislative authority of any municipal corporation with any territory in the county," but it added to the list the more general "legislative authority of a subdivision." The General Assembly also added to R.C. 5715.19(A) a definition of "legislative authority," which includes "a board of county

Nos. 22AP-732, 22AP-733, 22AP-737, 22AP-738, 22AP-743, 22AP-744
22AP-746, 22AP-747, 22AP-748, 22AP-749, 22AP-750, & 22AP-751

9

(A) * * * Subject to division (A)(6) of this section[4], * * * the legislative authority of a subdivision * * * may file such a complaint [*i.e.*, "a complaint against any of the [enumerated] determinations for the current tax year"] regarding any such determination affecting any real property in the county[.]

(B) A board of education, subject to this division * * * may file a counter-complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed original complaint or objecting to the current valuation * * * only if the original complaint states an amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination of at least [$17,500] in taxable value.

{¶ 17} The question before this court resolves to whether the H.B. 126 amendments to R.C. 5717.01—and particularly the newly added exception—apply to these appeals from BOR decisions issued after the July 21, 2022 effective date of H.B. 126. The BTA answered that question in the affirmative and held that the exception precluded the appellants boards of education from appealing the BOR's decisions. The boards of education, on the other hand, maintain that the exception cannot apply to an appeal of a board of revision's decision on a complaint against valuation or assessment filed prior to July 21, 2022.

---

commissioners, a board of township trustees of any township with territory in the county, the board of education of any school district with territory in the county, or the legislative authority of a municipal corporation with territory in the county."

[4] R.C. 5715.19(A)(6) states, a "legislative authority of a subdivision * * * shall not file an original complaint with respect to property the subdivision * * * does not own or lease unless" both the following conditions are met:

(a) If the complaint is based on a determination described in division (A)(1)(d) or (e) of this section, the property was (i) sold in an arm's length transaction, as described in section 5713.03 of the Revised Code, before, but not after, the tax lien date for the tax year for which the complaint is to be filed, and (ii) the sale price exceeds the true value of the property appearing on the tax list for that tax year by both ten per cent and the amount of the filing threshold determined under division (J) of this section;
(b) If the complaint is filed by a legislative authority or mayor, the legislative authority or, in the case of a mayor, the legislative authority of the municipal corporation, first adopts a resolution authorizing the filing of the original complaint at a public meeting of the legislative authority.

### C. *North Ridgeville*

{¶ 18} The BTA first considered the impact of the H.B. 126 amendments in *North Ridgeville*, 2022 Ohio Tax LEXIS 2518. It began by considering when the H.B. 126 amendments to R.C. 5717.01 took effect, and it held, "based on the straightforward application of [the] unambiguous law," that the amendments took effect on July 21, 2022, by operation of law. *Id.* at *6-7. The BTA acknowledged the General Assembly's statement in Section 3(A) of H.B. 126 that most of the changes to R.C. 5715.19 apply only to original complaints and counter-complaints filed for tax years 2022 and thereafter, but it reasoned that the lack of any mention of R.C. 5717.01 in Section 3 "demonstrates the intent for the changes [to R.C. 5717.01] to be operational on the effective date of the legislation." *Id.* at *7.

{¶ 19} The BTA rejected the board of education's argument that applying the amended version of R.C. 5717.01 to appeals from BOR decisions rendered on complaints that had been filed prior to July 21, 2022 would constitute an improper, retroactive application of the amended statute. It explained that the right to appeal to the BTA is independent of the right to file a complaint for determination by the BOR and that a right to appeal is not fixed "merely because the underlying cause of action was validly filed." *Id.* at *8. It held that extinguishment of the statutory right to appeal as of the effective date of H.B. 126 did not constitute a retroactive application as to appeals filed thereafter, even if the underlying complaint had been filed prior to the effective date of H.B. 126. *Id.* The amended statute would be applied retroactively, it posited, only if it were applied to extinguish *appeals* that were pending on the effective date of the amendments. *Id.*

{¶ 20} Finally, the BTA rejected the argument that the General Assembly's incorporation into the relevant statues the terms "original complaint" and "counter-complaint," coupled with the statement in Section 3(A) of H.B. 126 that the amendments to R.C. 5715.19, other than the enactment of R.C. 5715.19(I), apply to "any original complaint or counter-complaint, as those terms are defined in that section, filed for tax year 2022 or any tax year thereafter," impacted the board of education's appellate rights. The BTA reasoned that "original complaint" and "counter-complaint" were "common terms" that were "well established within the legal framework of ad valorem real property taxation," *id.* at *10, and that the Supreme Court, the courts of appeals, and the BTA itself had routinely used those terms prior to the enactment of H.B. 126, *id.* at *11. It stated, "it

would be wrong to conclude that they have no legal meaning until an appeal emanates from a complaint filed for tax year 2022 or later." *Id.*

{¶ 21} Having concluded that the amended version of R.C. 5717.01 took effect on July 21, 2022 and applied prospectively in *North Ridgeville*, which appeal had been filed after that effective date, the BTA dismissed the appeal for lack of jurisdiction because the exception in amended R.C. 5717.01 precluded the board of education's appeal with respect to the valuation of property it did not own or lease. *Id.* at *13.

{¶ 22} The assignments of error in these appeals stem from the premise that the BTA's decision in *North Ridgeville*, upon which the BTA relied here, constituted an erroneous interpretation and application of amended R.C. 5715.19 and 5717.01.

### D. The amendments to R.C. 5717.01 took effect on July 21, 2022

{¶ 23} Before turning to the dispositive assignments of error, we first agree with the BTA that H.B. 126, including its changes to R.C. 5717.01, took effect on July 21, 2022. If no referendum petition is filed within 90 days after legislation that is subject to referendum is filed by the governor with the secretary of state, the law becomes effective immediately upon expiration of that 90-day period by operation of law. *State ex rel. Ohio Gen. Assembly v. Brunner*, 115 Ohio St.3d 103, 2007-Ohio-4460, ¶ 9, citing Article II, Section 1c, Ohio Constitution. Here, that date was July 21, 2022.

{¶ 24} Because we conclude, as addressed more fully below, that the newly added exception in R.C. 5717.01 applies only to appeals from decisions on "original complaints" or "counter-complaints" filed after the effective date of H.B. 126 and does not preclude these appellants' appeals, we need not consider whether application of the exception to appeals from complaints filed under the pre-H.B. 126 version of R.C. 5715.19 would constitute an improper retroactive application.

### E. The exception in R.C. 5717.01, as amended by H.B. 126, applies only to appeals from board of revision decisions on original complaints or counter-complaints filed under amended R.C. 5715.19

{¶ 25} Because they are dispositive, we turn to the appellants' eighth and ninth assignments of error, in which they argue that the exception in amended R.C. 5717.01 does not apply to these appeals because appellants are not subdivisions who filed an "original complaint" or "counter-complaint," as those terms are defined in amended R.C.

5715.19(A).[5] Appellants rephrase and consolidate their eighth and ninth assignments of error in their appellate briefs as follows:

> THE BTA COMMITTED LEGAL ERROR IN HOLDING THAT THE REVISIONS TO R.C. 5717.01 DID NOT INCORPORATE THE NEW DEFINITIONS FROM R.C. 5715.19 WHEN THE GENERAL ASSEMBLY CLEARLY INTENDED SUCH INCORPORATION.

*See, e.g.*, case No. 22AP-732, Appellant's Brief at 25.

{¶ 26} Our paramount concern in construing a statute is legislative intent. *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, ¶ 21, citing *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, ¶ 21. To discern legislative intent, we first consider the statutory language, reading the words and phrases in context, according to rules of grammar and common usage. R.C. 1.42; *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, ¶ 40. We may not delete or insert words but must give effect to the words the General Assembly has chosen. *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 39-40 (2001). When a statute is unambiguous, we must apply it as written. *See id.* at 40.

{¶ 27} When statutes explicitly refer to each other, they are to be read in pari materia. *Faieta v. World Harvest Church*, 10th Dist. No. 08AP-527, 2008-Ohio-6959, ¶ 89, citing *Brooks v. Ohio State Univ.*, 111 Ohio App.3d 342, 349 (10th Dist.1996); *Ohio Bus Sales, Inc. v. Toledo Bd. of Edn.*, 82 Ohio App.3d 1, 7 (6th Dist.1992), citing *Beach v. Beach*, 99 Ohio App. 428, 434 (2d Dist.1955). "It is the duty of this court to construe statutes which explicitly refer to each other so that they are consistent and harmonious with a common policy and give effect to the legislative intent." *Brooks* at 349, citing *Suez Co. v.*

---

[5] After oral argument in these cases, the Third District Court of Appeals issued an opinion in *Marysville Exempted Village Schools Bd. of Edn. v. Union Cty. Bd. of Revision*, 3d Dist. No. 14-23-03, 2023-Ohio-2020, which presented the same issues—and, indeed, the same 11 assignments of error—as this case. The Third District reversed the BTA's decision, which like the decisions in these appeals was based solely on *North Ridgeville*, but the Third District decided the appeal based on the first four assignments of error, whereas we focus on assignments of error eight and nine. It concluded that the BTA erroneously overlooked that the exception in amended R.C. 5717.01 is phrased in the present tense and is tied to the filing of a complaint or counter-complaint, not the filing of an appeal. *Id.* at ¶ 29-31. It stated, "given the use of the present tense in the statute and absent any express evidence of intended retroactivity and/or applicability to previously pending complaints, we find that the use of the language 'a subdivision *that files an original complaint or counter-complaint*' signifies a legislative intent that the amended statute be applied prospectively to appeals stemming from *complaints* filed after the July 21, 2022 effective date of the new statute, as opposed to prohibiting appeals from [decisions on] complaints that were filed prior to that date." (Emphasis sic.) *Id.* at ¶ 36.

*Young*, 118 Ohio App. 415 (6th Dist.1963). The fact that the General Assembly simultaneously amended both R.C. 5715.19 and 5717.01 in H.B. 126 provides additional support for reading the statutes together. *See Harris v. Ohio Dept. of Adm. Servs.*, 63 Ohio App.3d 115, 118 (10th Dist.1989) ("Since both statutes were amended at the same time by the same Act and both were amended to prohibit age discrimination and to provide a remedy * * *, and in light of the express cross-reference in each to the other statute, the two statutes should be read *in pari materia.*" (Emphasis sic)). In any event, R.C. 5715.19 and 5717.01 are inextricably connected.

{¶ 28} As amended by H.B. 126, effective July 21, 2022, R.C. 5717.01 defines who may appeal a BOR's decision to the BTA with a general rule, subject to an exception. The general rule is retained in whole from the prior version of R.C. 5717.01. It states, "an appeal may be taken by * * * any board [or] legislative authority * * * authorized by [R.C. 5715.19] to file complaints against valuations or assessments." Appellants here are "board[s]" or "legislative authorit[ies]" who were authorized by R.C. 5715.19 to file complaints against valuations or assessments. The prior version of R.C. 5715.19(A)(1) authorized a "board of education of any school district with any territory in the county" to file a complaint against valuations or assessments. The amended version of R.C. 5715.19(A)(1) authorizes a "legislative authority of a subdivision" to file complaints against valuations or assessments, subject to certain prerequisites set out in R.C. 5715.19(A)(6) and (B). The amended statute defines "legislative authority" to include "the board of education of any school district with territory in the county." Therefore, under the general rule in R.C. 5717.01, the appellants boards of education would be entitled to appeal the BOR's decisions. We must therefore consider whether the exception added to R.C. 5717.01 by H.B. 126 strips them of that authority.

{¶ 29} Amended R.C. 5717.01 restricts the universe of potential appellants authorized by the general rule, stating, "except a subdivision that files an original complaint or counter-complaint under [R.C. 5715.19] with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint." Unlike the general rule in amended R.C. 5717.01, which retains from the prior version of the statute the subject "any board [or] legislative authority * * * authorized by [R.C. 5715.19] to file complaints against valuations or assessments," the exception refers to "a *subdivision* that files an *original complaint* or

*counter-complaint* under" R.C. 5715.19 and to a BOR's "decision * * * with respect to that *original complaint* or *counter-complaint*." (Emphasis added.) *Id.* The terms "original complaint" and "counter-complaint"—each of which appears twice in the exception—were not present in former R.C. 5715.19(A) or (B), were not present in former R.C. 5717.01, and do not appear in the general rule set out in amended R.C. 5717.01.

{¶ 30} It was only with the passage of H.B. 126 that the General Assembly added the terms "original complaint" and "counter-complaint" to R.C. 5715.19(A) and (B) and 5717.01 and defined those terms in R.C. 5715.19. Appellants contend that, because they filed their complaints in these cases while the former version of R.C. 5715.19 remained in effect, they are not "subdivision[s] that file[d] an original complaint or counter-complaint" and are therefore not subject to the exception added to R.C. 5717.01 by H.B. 126. R.C. 5717.01. Appellants instead maintain that they were "board[s] of education of any school district with territory in the county" who filed "complaint[s]" under former R.C. 5715.19(A) or "complaint[s] in support of or objecting to" another party's complaint under former R.C. 5715.19(B). (*See* New Albany Appellant's Brief at 29.) We agree.

{¶ 31} Appellees acknowledge that the terms "original complaint" and "counter-complaint" did not appear in the former version of R.C. 5715.19, but they argue that, prior to the enactment of H.B. 126 and the incorporation of those terms into R.C. 5715.19 and 5717.01, courts had used those terms, which had acquired a settled meaning, to distinguish between complaints filed under R.C. 5715.19(A) and (B). *See, e.g., Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 147 Ohio St.3d 38, 2016-Ohio-3025, ¶ 9. Appellees' arguments parallel the BTA's analysis in *North Ridgeville*, where the BTA likewise downplayed the import of the General Assembly's incorporation of the terms "original complaint" and "counter-complaint" into R.C. 5715.19 and 5717.01. *See North Ridgeville* at *12-13 ("we find no reason to extend the right of a subdivision to appeal after the General Assembly revoked that right merely because it also codified a meaning for well-understood terms in the same legislation"). Appellees essentially contend that the General Assembly's inclusion of those terms in the text of amended R.C. 5715.19 and 5717.01 has no effect on their appellate rights but instead simply codified the existing understanding and common usage of those terms.

{¶ 32} Even though the terms "original complaint" and "counter-complaint" may have been used in common parlance to distinguish between the types of challenges brought

under former R.C. 5715.19(A) and (B), we may not overlook the General Assembly's intentional effort to incorporate those terms into the statutes and to define them for the first time in H.B. 126. " 'When an existing statute is repealed and a new statute upon the same subject is enacted to include an amendment, as in this case, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the change in the language thereof.' " *Greenville Law Library Assn. v. Ansonia*, 33 Ohio St.2d 3, 6 (1973), quoting *Malone v. Indus. Comm.*, 140 Ohio St. 292, 299 (1942). Accordingly, when the legislature uses different language within a statute, "we must assume it intended different results from the different words employed." *Huntington Natl. Bank v. 199 S. Fifth St. Co., LLC*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707, ¶ 18.

{¶ 33} Undermining the argument that the General Assembly was simply bringing the statutory scheme into alignment with general usage of the terms "original complaint" and "counter-complaint" is the General Assembly's failure to consistently use those new terms in place of the more general "complaints against valuations or assessments" throughout amended R.C. 5715.19 and 5717.01. Most notably, as stated above, the General Assembly did not incorporate those new terms into the general rule regarding appellate rights in R.C. 5717.01. Not only must we give effect to the General Assembly's use of the new terms in the exception, but we must also give effect to the legislature's choice *not to* incorporate those new terms into the general rule. Had the General Assembly's intent been simply to codify the allegedly common understanding of those terms, it could have consistently substituted those terms in all related provisions that referred to complaints against valuations or assessments under R.C. 5715.19, but it did not. Particularly, it could have amended the general rule to authorize the filing of an appeal to the BTA by any subdivision authorized by R.C. 5715.19 to file an "original complaint" or "counter-complaint," before excepting out subdivisions that do not own or lease the subject property.

{¶ 34} The General Assembly's use of different words within the interconnected clauses of R.C. 5717.01 signals that it intended the words to have different meanings. *See Obetz v. McClain*, 164 Ohio St.3d 529, 2021-Ohio-1706, ¶ 21. Indeed, having not altered the general rule that "any board [or] legislative authority * * * authorized by [R.C. 5715.19] to file complaints against valuations or assessments" may appeal to the BTA, there was no reason for the General Assembly to introduce the new terms "original complaint" and "counter-complaint" into R.C. 5717.01 at all, unless it intended them to have some import.

It could have instead simply continued, "except that a subdivision that files *a complaint* under [R.C. 5715.19] with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to *that complaint*." Although that is essentially how the BTA has read amended R.C. 5717.01, that is not what the plain language of the amended statute, with its use of different terms in the general rule and the exception, says.

{¶ 35} "It is a basic tenet of statutory construction that 'the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to accomplish some definite purpose.' " *State v. Wilson*, 77 Ohio St.3d 334, 336 (1997), quoting *State ex rel. Cleveland Elec. Illum. Co. v. Euclid*, 169 Ohio St. 476, 479 (1959). We therefore may not treat the General Assembly's incorporation of the terms "original complaint" and "counter-complaint" into R.C. 5715.19 and 5717.01 as meaningless. By the General Assembly's incorporation and definition of the new terms "original complaint" and "counter-complaint" into R.C. 5715.19 and its simultaneous enactment in R.C. 5717.01 of an exception that defines its application by reference to those new terms, we must conclude that R.C. 5717.01's references to an "original complaint or counter-complaint under" R.C. 5715.19 necessarily refer to a complaint filed under amended R.C. 5715.19(A) or (B). Thus, reading amended R.C. 5715.19 and 5717.01 in pari materia, the exception in R.C. 5717.01 that restricts a subdivision's right to appeal a BOR decision to the BTA applies only to appeals from a BOR's decision on an "original complaint" or "counter-complaint" filed after the effective date of H.B. 126.[6] To infer otherwise, this court would have to delete (or at least ignore) the General Assembly's express use of the newly added and defined terms "original complaint" and "counter-complaint" in R.C. 5717.01. We may not do so. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 14.

---

[6] Beyond our determination that the newly added and defined terms "original complaint" and "counter-complaint" refer to complaints filed pursuant to R.C. 5715.19(A) and (B) after the effective date of H.B. 126, we likewise conclude that, pursuant to Section 3(A) of H.B. 126, a BOR decision on a complaint filed prior to the effective date of H.B. 126 is not a decision on an "original complaint or counter-complaint, as those terms are defined in [amended R.C. 5715.19], filed for tax year 2022 or any tax year thereafter." The BOR's decisions on the complaints underlying these appeals, which challenged valuations for tax year 2021 and were filed before the effective date of H.B. 126, were therefore not decisions "with respect to [a subdivision's] original complaint or counter-complaint" because the relevant amendments to R.C. 5715.19 apply only to challenges for tax year 2022 and thereafter.

## V.  CONCLUSION

{¶ 36} The appellants boards of education in these appeals are not "subdivision[s] that file[d] an original complaint or counter-complaint under" R.C. 5715.19, as the complaints that gave rise to these appeals were filed prior to the effective date of H.B. 126, under the former version of R.C. 5715.19, which did not include the terms "original complaint" or "counter-complaint."  As used in the exception added to R.C. 5717.01 by H.B. 126, "an original complaint or counter-complaint under [R.C. 5715.19]" refers to a complaint filed under amended R.C. 5715.19.  Therefore, the exception does not preclude the boards of education from maintaining their appeals to the BTA.  Instead, as "board[s] * * * authorized by [R.C. 5715.19] to file complaints against valuation or assessments," R.C. 5717.01, appellants were entitled to appeal the BOR's decisions under the general rule in R.C. 5717.01.

{¶ 37} For these reasons, we sustain the boards of education's eighth and ninth assignments of error and deny their remaining assignments of error as moot.  We accordingly reverse the decisions of the BTA and remand these appeals to the BTA for further proceedings consistent with this decision and the law.

*Decisions reversed; causes remanded.*

MENTEL and LELAND, JJ., concur.

————————————